TAYLOR v. WAYNE CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—SETTLEMENT—SUPPLEMENTAL RECORD.
   Bill of exceptions is ordered settled by circuit judge by July 1, 1953, where decree was entered February 1, 1952, apparently after a settlement had been effected in survivor's suit to wind up a partnership with right accorded parties to file a supplemental record before expiration of 18 months from time decree had been entered, after taking further testimony, if necessary.

2. COSTS—MANDAMUS—SETTLEMENT OF BILL OF EXCEPTIONS—CONSENT DECREE.
   No costs are allowed in mandamus proceeding to compel circuit judge to settle bill of exceptions in survivor's suit to wind up partnership, where decree entered appears to have been signed by the circuit judge in the belief that all parties had consented to the decree when he signed it.

Mandamus by Zetta Taylor, receiver for Taylor's Restaurant & Bakery, to compel Hon. John V. Brennan, Wayne County Circuit Judge, to settle bill of exceptions on appeal to Supreme Court. Submitted April 14, 1953. (Calendar No. 45,640.) Writ granted June 8, 1953.

*William G. Manders,* for plaintiff.

BUTZEL, J. Zetta Taylor, who also was appointed receiver of Taylor's Restaurant and Bakery, seeks a mandamus to order the Honorable John V. Brennan, Wayne county circuit judge, to settle the bill of exceptions on an appeal to this Court in a suit brought by her against the administratrix *de bonis non* of the estate of her son Paul E. Taylor, deceased. Mrs. Taylor and her son Paul had been in the restau-

rant and bakery business in Detroit under the name as hereinbefore stated. She claims that she furnished the entire capital of about $25,000, that Paul contributed nothing, but that it was agreed that the profits be divided equally. Upon Paul's death in June of 1950 Mrs. Taylor brought suit against the administratrix *de bonis non* of Paul's estate for the purpose of settling the affairs of what appears to have been a copartnership. She was appointed receiver of the business and, as such, brings this mandamus proceeding.

Paul left 2 minor children of the respective ages of 10 and 4, and their guardians contested the receiver's amended final account. Mrs. Taylor contends that they are not proper parties defendant, that neither the expenses of Paul's last sickness, funeral expenses, nor "Federal estate taxes" have been paid. In the main suit the court signed a decree awarding $1,200 respectively to each of the guardians of the minor children and the balance to Mrs. Taylor. Plaintiff's attorney, upon leaving the courtroom on the day the decree was signed, asked the court clerk to enter a stay so that plaintiff could appeal. Plaintiff has made futile efforts since then to have the bill of exceptions settled. The trial judge has not settled it. This Court, on June 2, 1952, extended the time for settlement. The decree was rendered on February 1, 1952. The judge persists in his refusal to take any further action and plaintiff has filed this petition for mandamus. The grounds for appeal in the main case are not set forth in the record but in the petition for mandamus it is claimed that the court erred in allowing any sums of money to the guardians of the minor children.

The court, on the other hand, claims that the decree was entered with the consent of all parties and he only carried out what they agreed to. Petition for mandamus was sworn to on August 1, 1952, and

filed in this Court on August 2, 1952. In his answer to the petition for writ of mandamus and order to show cause, the circuit judge includes a statement theretofore made by him to the effect that the appeal was an anomalous one and the court seeks guidance "in this anomalous situation." Plaintiff, at the time the decree was signed, was represented in court by her attorney. There had been a previous adjournment of the case for the purpose of enabling the parties to arrive at a settlement. At the adjourned date, according to trial judge, the decree was drafted by plaintiff's attorney who filled in the blanks that appeared in the proposed decree as drafted. The record does not show what was said at the time. There appears at the end of the original decree the written approval of the respective counsel in the case but it is significant that approval of plaintiff's attorney distinctly stated "approved as to form only." Immediately after the decree was signed, attorney for plaintiff asked the court clerk for a stay so as to enable plaintiff to appeal. It appears that another attorney was later substituted for the attorney who represented plaintiff at the time of the decree. There was another change of attorneys when the attorney who appears in the present proceedings was substituted. The record before us does not show whether the attorney who represented plaintiff at the time of the decree ever gave any testimony as to what occurred at that time. It would appear that he did not approve of the decree even though he helped to prepare it. It would further seem that the trial judge believed that all parties consented to the decree when he signed it without taking any further testimony.

We order that the court settle the bill of exceptions not later than July 1, 1953. We further hold that the judge or interested parties may file a supplemental record prior to July 31, 1953, setting forth all such

matters as the judge may deem proper and, if the judge deems it necessary, he may at any time prior to July 31, 1953,* order and take any further testimony in regard to the signing of the decree and incorporate it also into the supplemental record if one is filed. No costs will be allowed on this motion.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

---

* See CL 1948, § 650.20 (Stat Ann § 27.2610).—REPORTER.