TAYLOR *v.* LINT.

1. APPEAL AND ERROR—REMAND—JURISDICTION—CONSENT DECREE—
REHEARING.

> The trial court was without jurisdiction to vacate decree entered
> for the purpose of making a further or different determination
> and decree, where order of Supreme Court remanding the
> case was that further testimony might be taken in regard to
> disputed question as to whether the decree had been signed
> with the consent of plaintiff-appellant and the time within
> which a motion for rehearing might have been filed had long
> since expired without such motion having been filed (Court Rule
> No 48, § 1 [1945]).

2. PARTNERSHIP—DEATH—POSSESSION OF SURVIVOR—WINDING UP
AFFAIRS.

> The surviving partner has the sole right to possession of the
> assets of the partnership to wind up the affairs of the part-
> nership and pay over the results to the legal representative of
> the deceased partner's estate (CL 1948, § 449.25[2][d]).

3. DESCENT AND DISTRIBUTION—PERSONAL ESTATE.

> An intestate's personal estate does not descend to his next of
> kin or heirs-at-law but remains in abeyance until administra-
> tion is granted upon his estate and is then vested in the adminis-
> trator as of the time of the death of the intestate; no title
> vesting in the next of kin until the estate is administered and
> then only upon the surplus remaining after payment of intes-
> tate's debts and the expenses of administration.

4. SAME—PERSONAL ESTATE—NEXT OF KIN.

> The rights of a next of kin of possession and of action in respect

REFERENCES FOR POINTS IN HEADNOTES

[2] 40 Am Jur, Partnership § 294.
[3, 4, 6] 16 Am Jur, Descent and Distribution §§ 8, 9, 21.
[5, 6] 21 Am Jur, Executors and Administrators §§ 24, 213, 221,
222; 40 Am Jur, Partnership §§ 296, 316.
[7] 14 Am Jur, Costs § 91.

to the personal property of an intestate's estate before distribution, are neither greater nor less than those of a mere stranger.

5. Executors and Administrators—Negligence in Collection of Assets—Remedy of Heirs and Legatees.

The remedy afforded heirs and legatees when the legal representative neglects his duty to collect assets for an estate does not permit them to represent the estate in the prosecution of suits.

6. Partnership—Distribution of Deceased Partner's Estate—Jurisdiction—Receivership.

The power to make orders for the distribution of a deceased partner's estate to his surviving minor children rests solely in the probate court in proceedings for the probating of his estate and not in the circuit court in receivership proceedings for winding up the partnership; hence, the only proper order the circuit court could make therein would be to require the receiver to pay over to the legal representative of the deceased partner, the latter's proportionate share of the partnership assets as the heirs have no standing as parties to receivership suit (CL 1948, § 449.25[2][d]).

7. Costs—Appearance—Briefs.

No costs are allowed parties claiming right to assets in a receivership, where they have not appeared or filed briefs in the Supreme Court.

Appeal from Wayne; Brennan (John V.), J. Submitted January 12, 1954. (Docket No. 52, Calendar No. 46,019.) Decided February 18, 1954.

Bill by Zetta Taylor, receiver of Taylor's Restaurant and Bakery, against Ida Lint, administratrix *de bonis non* of the estate of Paul E. Taylor, to determine business a partnership, wind up its affairs and divide proceeds. Decree directed payment of portions to children of deceased partner. Plaintiff. appeals. Reversed in part and decree ordered entered in Supreme Court.

*Donald W. Grant,* for plaintiff.

DETHMERS, J.   Some of the facts of this case are set forth in our opinion in *Taylor* v. *Wayne Circuit Judge,* 336 Mich 654, when it was before us on mandamus to compel the circuit judge to settle the bill of exceptions on appeal here.   Since then the judge, purporting to act in conformity with language in that opinion, entered an order vacating and setting aside the decree appealed from and reopening the cause for taking of testimony and proceedings so that the court might make such disposition and file such decree as it might thereafter determine.   Our opinion did not so provide, but only that further testimony might be taken in regard to the disputed question of whether the decree had been signed with the consent of plaintiff-appellant, so that this Court might make a determination thereof based on a supplemental record containing such testimony.   No motion for rehearing having been filed and the time therefor, under Michigan Court Rule No 48, § 1 (1945), having long since passed, the trial court was, after the appeal taken here, without jurisdiction to vacate the decree for the purpose of making a further or different determination and decree. *Hughes* v. *Wayne Circuit Judge,* 239 Mich 110; *Miles* v. *Harkins,* 335 Mich 453.

As indicated in our former opinion, plaintiff and her son had been in the restaurant business together. Upon his death she filed her bill of complaint herein praying that the business be decreed to have been a partnership and for the appointment of a receiver, an accounting, appraisal, sale, payment of debts and division of remaining assets.   She was appointed receiver and thereafter, upon hearing had, a decree and supplemental decree entered decreeing that the business had been a partnership, that the deceased partner had died intestate leaving 2 minor children surviving him, allowing the receiver's final account, and directing her to pay $1,200 to each of the

guardians of the 2 minor children as a distribution of partnership assets, together with the costs of suit and also $100 to one of the guardians for his fees as such and $300 to the attorney representing one of the guardians in this suit.

Plaintiff contends that the minor children of the deceased partner had only an equitable interest in the estate of their deceased father and, hence, no standing in this partnership suit; that the trial court erred in refusing so to hold and in ordering the receiver to pay said amounts to the guardians of said children and to pay said guardian and attorney fees.

In *Moore* v. *DuBard*, 318 Mich 578, 593, we said:

"The plaintiff, as surviving partner, would have the sole right to possession of the assets of the partnership to wind up the affairs of the partnership and pay over the net results to the legal representative of the defendant's estate. *Grigg* v. *Hanna*, 283 Mich 443."

In *Cullen* v. *O'Hara*, 4 Mich 132, 138, this Court said:

"It is well settled, both under our own and the English statutes, that when a man dies intestate, his personal property does not, like his real estate, descend to his next of kin or heirs-at-law. It remains in abeyance until administration granted upon his estate, and is then, as we have before remarked, vested in the administrator, as of the time of the death of the intestate. No title vests in his next of kin until his estate has been administered upon, and then they take the surplus remaining after payment of the debts of the intestate, and expenses of administration, each in his proportion, under the statute of distributions. * * * Until then, an heir or next of kin of the intestate, although having a right to his distributive share, has no right to the possession of either the whole or any specific portion of the personal property. Nor, until distribution, can he

maintain any action in respect to it, unless it be founded upon his own actual possession, and against a mere wrongdoer. *Muir* v. *Trustees of the Leake & Watts Orphan Asylum,* 3 Barb Ch R (NY) 477. In fact, his rights of possession and of action in respect to the personal property before distribution, are neither greater nor less than those of a mere stranger."

In *Re Svitojus' Estate,* 296 Mich 19, 24, we said:

"It is an order directing the administrator to pay the attorney for the heirs a sum of money to reimburse him for expenses of litigation on behalf of the heirs, not on behalf of the estate. Mr. Geib was employed by the heirs, not by the estate, and his claim should be against the heirs, not against the estate. The estate itself does not owe Mr. Geib any money. * * * If an administrator neglects his duty to collect assets for an estate, the law affords heirs or legatees a remedy, but it will not permit them to represent the estate in the prosecution of suits. *Hillman* v. *Schwenk,* 68 Mich 297."

CL 1948, § 449.25 (2) (d) (Stat Ann § 20.25 [2] [d]), reads as follows:

"(d) On the death of a partner his right in specific partnership property vests in the surviving partner or partners, except where the deceased was the last surviving partner, when his right in such property vests in his legal representative. Such surviving partner or partners, or the legal representative of the last surviving partner, has no right to possess the partnership property for any but a partnership purpose."

Rights in the specific partnership property vested in plaintiff as surviving partner, to possess for partnership purposes, including that of winding up the partnership. Upon having wound it up, the surviving partner is required to pay over an amount representing the deceased partner's proportionate share

to the legal representative of the latter's estate, and it is only such payment that the circuit court could require in these partnership proceedings. Accordingly, the heirs of the deceased partner had no standing as parties in this suit; and the power to make orders for the distribution of the deceased partner's estate to his surviving minor children rested solely in the probate court in proceedings for the probating of his estate and not in the circuit court in receivership proceedings for winding up the partnership.

Provisions of the decree requiring the receiver to pay a portion of the partnership assets to the deceased partner's minor children and to pay the fees of their guardians and the attorney representing them in this suit are in error. Other provisions of the decree, not questioned on appeal, are affirmed. A decree may enter in this Court in accord herewith. No costs, defendant and the guardians not having appeared or filed briefs in this Court.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.