SOKEL *v*. NICKOLI.

1. APPEAL AND ERROR—REMAND—POWER OF LOWER COURT.
   The power of the lower court on remand after an appeal is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 1233 *et seq.*
[3, 5] 1 Am Jur, Adjoining Landowners § 17 *et seq.*
[9] 14 Am Jur, Costs § 97.

2. SAME—REMAND—DAMAGES—EVIDENCE.

The trial court did not err on remand for determination of damages in suit to enjoin encroachment in receiving testimony proving that, even though defendants had not encroached, plaintiffs could not, under the city ordinances, have obtained a building permit to build house they had planned.

3. DAMAGES — ENCROACHMENT — COST OF PURCHASE OF ADJOINING STRIP OF LAND.

Sum claimed as reimbursement for cost of purchase of adjoining strip of land to city lot to enable plaintiffs to build house they had planned *held*, properly disallowed as an item of damage resulting from encroachment by defendants, where there is no proof of reasonableness of such cost nor that it did not enhance plaintiffs' property.

4. SAME—REMAND—INCREASED BUILDING COSTS.

Item claimed on remand for determination of damages in suit for encroachment for increased contract building costs *held*, not supported, where plaintiffs did not build at all.

5. SAME—REMAND—CLOUD ON TITLE—TAXATION—EVIDENCE.

Claims for damages for cloud on title and for taxes paid, made on remand in suit to enjoin encroachment, *held*, properly denied by trial court in view of absence of proofs as to such items.

6. EQUITY—JURY TRIAL—DISCRETION OF COURT.

It was not obligatory on the part of the trial court to grant plaintiffs' request for a jury trial on remand in suit to enjoin encroachment, where the trial court could determine questions of fact involved quite as well as a jury (CL 1948, § 618.21).

7. DAMAGES—EVIDENCE—ENCROACHMENT—LIABILITY OF WIFE.

Evidence justified trial court's determination on remand in suit to enjoin encroachment of 4.85 feet that plaintiffs sustained damages in the amount of $880.33 and that defendant wife was liable for damages.

8. COSTS—TAXATION BY TRIAL COURT—DISCRETION OF COURT—REMAND.

Remand for the purpose of taxing costs is ordered where, subsequent to filing claim of appeal, the appellants petitioned the trial court to tax costs and the court refused to do so, such refusal being an abuse of discretion.

9. SAME—APPEAL—CROSS APPEAL—AFFIRMANCE.

No costs of appeal are allowed on affirmance of judgment, where there has been both an appeal and a cross appeal, since neither party has prevailed.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 7, 1959. (Docket No. 7, Calendar No. 47,833.) Decided June 6, 1959.

Bill by Ernest C. Sokel and Elizabeth Sokel against Toussaint Nickoli, doing business as T. N. Construction Company, Walter Sikora and Veronica Sikora to enjoin encroachment. After reversal on appeal of plaintiffs and remand, damages were assessed in lesser amount than plaintiffs claim and they appeal. Defendants Sikora cross-appeal. Affirmed and remanded for taxation of costs.

*John T. McWilliams,* for plaintiffs.

*Joel G. Jacob* and *Meyer R. Rubin,* for defendants Sikora.

Kelly, J. Appellants' original chancery action resulted in a determination that an encroachment existed and decree was entered to the effect that appellants deed to appellees the 4.65 feet in dispute and appellees pay appellants $450 therefor. Our Court reversed the trial court and ordered the encroachment removed and remanded the case for the purpose of determining damages. See *Sokel* v. *Nickoli,* 347 Mich 146.

Previous to trial to determine damages, appellees removed the encroachment by dismantling part of their brick garage.

The court denied appellants a jury trial and, after hearing testimony and arguments, awarded appellants damages in the amount of $880.33. Appellants appeal, claiming that the trial court erred in not allowing $4,250 for "increased contract building costs" and acquisition of adjoining land; $4,650 for "damages caused by cloud on title," and $196.15 reimbursement for taxes which appellants had paid.

Claim No. 1:  *Increased Contract Building Costs and Enforced Purchase of Adjoining Land*— Total $4,250.

March 11, 1953, appellants contracted with a builder to construct a residence on the Dearborn lots in question for $22,600. Appellants contend that the residence was not built; that they were denied a building permit because appellees' garage encroached on their land.

The contractor testified that because of increased building costs it would require an additional $4,520 to build the proposed dwelling in 1957, and a qualified experienced builder testified the 1957 additional cost would be $3,600. These estimates are not challenged and constitute the proof appellants rely upon to sustain their $4,000 damage claim for increased building costs.

Appellees claim that the 1957 building costs would not be applicable for the reason that appellants bought an adjoining 8.7-foot strip of land in 1954, thus having more than sufficient land to compensate for appellees' encroachment of 4.65 feet. Appellants admit they made no effort to build nor to obtain a building permit after acquiring this additional land, and that on February 1, 1954, they bought and moved into a newly constructed home in Allen Park. No proof was introduced as to what the building costs would be in 1954.

Testimony by city officials, which was not refuted, justified the trial court's statement in the opinion that:

"The court finds from the testimony, practically without dispute, that under the ordinances of the city of Dearborn the plaintiffs could not have erected the house and garage contemplated by their plans and blueprint, without violating the zoning ordinance of the city of Dearborn, and that a building

permit based upon those plans could not have been procured."

Appellants contend that the trial court erred in considering the testimony of the city officials because:

"The question of the reason why plaintiffs were denied a building permit was *res judicata* as clearly shown by the Supreme Court decision, *Sokel* v. *Nickoli,* 347 Mich 146, where on page 152, the Supreme Court said:

" 'Plaintiffs, having contracted with builder-witness Kolton to construct a home on their 2 lots for $22,600, were denied a building permit on account of such encroachment.' "

The record submitted to this Court in the previous appeal justified the statement that appellants were denied a building permit because of appellees' encroachment, as the only testimony was that of appellant Ernest Sokel that "the city would not give me a building permit because there wasn't enough room left," and the contractor's testimony: "I am a licensed builder. I took Sokel's building plans to Dearborn building department and they wouldn't give me a permit. The inspector, Mr. McAuliffe, put red lines on it to show there wasn't room."

At the original hearing the trial court did not pass on the question of damages because of the encroachment and we remanded, without restrictions, to determine "fact and amount of damages."

The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court.

In *Stevenson* v. *Brotherhoods Mutual Benefit,* 317 Mich 575, we held:

"Where matter of justification for discharge of plaintiff who had been hired by defendant company as field organizer to write benefit policies had not been passed upon by trial court in a previous case arising out of same contract, statement in opinion on appeal that discharge was justified *held,* an expression of opinion and unnecessary to determination of the issues involved therein, hence the question of whether the discharge was justified was not *res judicata.*"   (Syllabus 1.)

The trial court did not err in considering the testimony proving that, even though appellees had not encroached, appellants could not, under the Dearborn ordinances, have obtained a building permit.

In regard to the $250 claimed as reimbursement for purchasing the adjoining strip of land, appellants in their brief state: "If they failed to purchase the land they might never be able to use the plot for a building site at all."

There is no proof of reasonableness of this cost, nor that this purchase did not enhance appellants' property. There is no proof of need, but, to the contrary, is the proof that appellants made no effort to build after acquiring this additional strip.

The chancellor did not err in denying appellants' claim of $4,250, as set forth above.

Claim No. 2 :   *Damages Caused by Cloud on Title —$4,650 and Taxes Paid—$196.15.*

Appellants' brief does not clearly set forth upon what theory this $4,650 claim is based. Appellants first claimed that the court erred in not finding that a threatened condemnation action constituted a conspiracy between the city of Dearborn and defendants. Appellants later state:

"Plaintiffs claimed $4,650 damages based upon purchase price. The *least* that can be said is that

plaintiffs should be entitled to damages based upon the cloud in an amount equal to what they have been required to spend to clear the cloud from the property. Taking into consideration over 5 years of litigation and 2 appeals to the Supreme Court it is doubtful if $4,650 is enough."

No proof was offered to justify this $4,650 claim, and we quote with complete approval the following from the trial court's opinion denying same:

"It also appeared from the proofs, that the common council of Dearborn has, by resolution, instructed the city attorney to institute condemnation proceedings for the acquisition of plaintiffs' lot for a public playground for children, and that this proceeding is under way. Plaintiffs take the position that this condemnation proceeding creates a cloud on their title which is traceable to the defendants, and causes damage for which the defendants should be charged. It is true that the notice of proposed taking by eminent domain creates a cloud which prevents the plaintiffs from selling their property or otherwise using it without hindrance. Plaintiffs attempt to tie up the condemnation with some intangible conspiracy between the defendants and the city of Dearborn, the common council and cooperative neighbors which, if successful, will enable the defendants to purchase back from the city, after the city has acquired title by condemnation, the original 4.85 feet by which defendants' garage encroached on plaintiffs' land. Proof of any such far-reaching scheme is entirely absent from the record, but in no event can it be classified as a conspiracy. In order to constitute a conspiracy, either the purpose or the means must be unlawful, a fact entirely absent in this case. The impending condemnation proceedings is a cloud created by due process of law and not by any unlawful act of the defendants."

At the time of trial appellants owned the property without encroachment. Whether the property increased or decreased in value from the time of purchase by appellants was not shown, and there was no proof justifying the claim for taxes paid. The chancellor did not err in denying these items, namely, damages caused by cloud on title: $4,650, and taxes paid: $196.15.

In regard to appellants' complaint that the lower court denied them a jury trial, we call attention to the statute (CL 1948, § 618.21 [Stat Ann § 27.1001]) providing that the court shall decide whether a jury is necessary, and, we believe, the following, as stated in *Chamberlain* v. *Eddy,* 154 Mich 593, 604, 605, applies:

"We are not impressed with the importance of a jury to decide any question in the case. A chancellor can do it as well. Where the jurisdiction of equity is clear, as in this case, there is no obligation to send questions of fact to the jury."

Appellees cross-appeal and ask this Court to determine that the trial court erred in finding (1) that appellants were entitled to $880.33, composed of the following items:

> "Surveyors' services ............... $250.00
> Plans and blueprints ...............  250.00
> Photographs .....................   31.00
> Payment for mortgage commitment by
>     bank ...........................   25.00
> Rent of living quarters July, 1953 to
>     February, 1954 .................. 324.33"

and (2) in finding that appellee Veronica Sikora was liable for damages.

Appellees' request in this regard is denied. It is not necessary to set forth further reasons other than to state that the evidence justified the court's finding.

Subsequent to filing claim of appeal, appellants petitioned the trial court to tax costs. The court refused and appellants state that such refusal was an abuse of discretion and denial of justice. Suffice to say, we are affirming the trial court and remanding to said court to tax costs.

Affirmed and remanded. No costs, neither party prevailed.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.