TOSKA v CAMPBELL

Docket No. 82532. Submitted December 9, 1985, at Lansing. Decided July 25, 1986.

Darla K. Toska brought a medical malpractice action in the Bay Circuit Court against John S. Campbell, M.D., Bay Medical Center and others. Bay Medical moved for accelerated judgment based on an arbitration agreement, which was denied on the basis that the Malpractice Arbitration Act was unconstitutional. Bay Medical appealed and the Court of Appeals, after resolution of the issue by the Supreme Court in *Morris v Metriyakool,* 418 Mich 423 (1984), remanded to the trial court with instructions to enter an order submitting the matter to arbitration. Defendant filed a notice of entry of order compelling arbitration in the trial court. Plaintiff objected on the ground that an evidentiary hearing should be held to determine whether plaintiff's mother voluntarily and knowingly signed the arbitration agreement. After oral argument in the matter, the trial judge determined that this issue had not been decided by the Court of Appeals. Therefore, according to the court, it was necessary and appropriate to hold an evidentiary hearing on that issue prior to submitting the case to arbitration. As a result, the court denied defendant's motion for entry of an order compelling arbitration, William J. Caprathe, J. Defendant appealed by leave granted.

The Court of Appeals *held:*

The trial court erred in acting in contravention of the order of the Court of Appeals. The proper procedure for clarifying the order of the Court of Appeals is to file a motion for rehearing.

Reversed and remanded.

D. E. HOLBROOK, JR., J., concurred in result only.

APPEAL — REMAND WITH INSTRUCTIONS — COURT RULES.

It is error for a trial court to act in direct contravention of the order of the Court of Appeals; where the Court of Appeals

REFERENCES

Am Jur 2d, Appeal and Error §§ 978 *et seq.*

See the annotations in the Index to Annotations under Appeal and Error.

orders an action by the trial court without considering preliminary issues, the proper procedure for clarifying the order of the Court of Appeals is to file a motion for rehearing (MCR 7.215[H]).

*Thomas H. Bleakley, P.C.* (by *Mary R. Minnet*), for plaintiff.

*Franklin, Petrulis, Bigler, Berry & Johnston, P.C.* (by *Bruce E. Bigler*), for defendant Bay Medical Center.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and HOOD, JJ.

PER CURIAM. In this medical malpractice case, defendant Bay Medical Center appeals by leave granted from the November 8, 1984, interlocutory order of the circuit court denying defendant's motion for entry of an order compelling arbitration.

This is the second time that the instant case has been before this Court. Prior to this appeal, defendant sought leave to appeal from the trial judge's December 15, 1981, order denying defendant's motion for accelerated judgment in which the trial judge ruled that the Michigan Malpractice Arbitration Act, MCL 600.5040 *et seq.;* MSA 27A.5040 *et seq.,* was unconstitutional.

On April 29, 1982, this Court granted defendant's application for leave to appeal from that order, but held the appeal in abeyance pending a decision by the Supreme Court on the same issue in *Morris v Metriyakool,* 418 Mich 423; 344 NW2d 736 (1984). (*Toska v Campbell,* Court of Appeals Docket No. 62531.) On April 19, 1984, after the Supreme Court in *Morris, supra,* upheld the constitutionality of the Malpractice Arbitration Act, this Court peremptorily reversed the trial court's December 15, 1981, order, remanded the cause and

instructed the trial judge to enter an order submitting the matter to arbitration.

Subsequently, on May 22, 1984, defendant filed a notice of entry of order compelling arbitration with the trial court. Plaintiff objected on the ground that an evidentiary hearing should be held to determine whether plaintiff's mother voluntarily and knowingly signed the arbitration agreement. After oral argument in the matter, the trial judge determined that this issue had not been decided by the Court of Appeals. Therefore, according to the court, it was necessary and appropriate to hold an evidentiary hearing on that issue prior to submitting the case to arbitration. As a result, the trial judge denied defendant's motion for entry of an order compelling arbitration. Defendant now appeals by leave granted.

On appeal, defendant contends that the trial court's order for an evidentiary hearing violated this Court's order remanding the case for submission to arbitration proceedings. The first basis for defendant's contention is that the trial court was without jurisdiction to grant relief inconsistent with this Court's order. The second basis is that this Court's order in the first appeal constituted the law of the case, thereby precluding the trial court from ordering the evidentiary hearing prior to submitting the matter to arbitration.

In *Sokel v Nickoli,* 356 Mich 460, 464; 97 NW2d 1 (1959), our Supreme Court stated that the power of the lower court on remand after an appeal is to take such action as law and justice may require as long as that action is not inconsistent with the judgment of the appellate court. See also *Bray v Dep't of State,* 97 Mich App 33, 37; 294 NW2d 236 (1980), rev'd on other grounds 418 Mich 149; 341 NW2d 92 (1983), cert den 467 US 1252; 104 S Ct 3537 82 L Ed 2d 842 (1984).

The law of the case doctrine provides that, where an appellate court has passed on a legal question and remanded a case for further proceedings, the legal questions determined by that appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. This doctrine applies only to those questions determined by an appellate court's prior decision and to those questions which are necessary to the court's determination. *United States Fidelity & Guaranty Co v Liberty Mutual Ins Co,* 127 Mich App 365, 370-371; 339 NW2d 185 (1983), lv den 418 Mich 917 (1984). It is clear that, in the first appeal, this Court did not consider the voluntariness issue because the order resulting from that appeal stated that the sole issue before the court was whether the Malpractice Arbitration Act of 1975 was constitutional. Because the instant issue was neither considered nor necessary to the first decision from this Court, that decision does not constitute the law of the case as to this issue.

Nevertheless, this Court reversed the lower court's decision and remanded the case with specific instructions to submit the case to arbitration. The present trial court's order, denying defendant's motion to compel arbitration and granting the evidentiary hearing, is in direct contravention of that order and is therefore in error. Compare *The Gray Eagles, Inc v Lucchesi,* 50 Mich App 82; 212 NW2d 749 (1973); *George v Wayne Circuit Judge,* 336 Mich 543; 58 NW2d 915 (1953).

We would point out that the proper procedure for clarifying this Court's order in a case such as this is to file with this Court a motion for rehearing pursuant to MCR 7.215(H). See *Taylor v Lint,* 338 Mich 673, 675; 62 NW2d 453 (1954).

Reversed and remanded.

D. E. HOLBROOK, JR, P.J., concurs in result only.