JOZWIAK v NORTHERN MICHIGAN HOSPITALS, INC

Docket No. 191691. Submitted March 11, 1998, at Detroit. Decided August
14, 1998, at 9:25 A.M. Leave to appeal sought.

Sandra K. Jozwiak, as guardian of Mark Coultes, a legally incapacitated person, brought an action in the Emmet Circuit Court against
Northern Michigan Hospitals, Inc., and Burns Clinic Medical
Center, alleging medical malpractice relating to the treatment of
Coultes. Anida Burd, as next friend of Coultes' minor children,
intervened as a plaintiff to assert a claim for loss of society and
companionship. The court, Richard M. Pajtas, J., granted summary
disposition for the defendants, ruling that the action was barred by
a valid medical malpractice arbitration agreement signed by Jozwiak. The Court of Appeals, TAYLOR, P.J., and MACKENZIE and M. J.
MATUZAK, JJ., reversed and remanded for an evidentiary hearing
regarding the circumstances surrounding the execution of the arbitration agreement, including whether there was fraud or mistake
that would serve to rebut the statutory presumption that the arbitration agreement was valid. 207 Mich App 161 (1994). On remand,
the trial court, Charles W. Johnson, J., denied the plaintiffs' motion
for summary disposition on the asserted ground that the repeal of
the medical malpractice arbitration act (MMAA), MCL 600.5040 et
seq.; MSA 27A.5040 et seq., rendered the arbitration agreement
unenforceable and denied a request by Jozwiak for a jury trial
regarding whether the arbitration agreement was procured by fraud
or mistake. After an evidentiary hearing, the trial court again
granted summary disposition for the defendants on the basis that
the action was barred by the arbitration agreement. Jozwiak
appealed, and Burd cross appealed.

The Court of Appeals held:

1. MCR 7.215(H) binds this panel to follow the decision in Cox v
D'Addario, 225 Mich App 113 (1997), that repeal of the MMAA did
not invalidate validly executed medical malpractice arbitration
agreements.

2. The trial court did not err in refusing the request for a jury
trial regarding whether the arbitration agreement was procured by
fraud or mistake. The Court of Appeals specifically instructed the
trial court to conduct an evidentiary hearing regarding that issue,

and the trial court therefore was without authority to proceed otherwise.

3. The decision of the trial court that the arbitration agreement was valid must be reversed and the case must be remanded for further proceedings because the trial court did not follow the framework for analyzing a challenge to the validity of a medical malpractice arbitration agreement and for allocating the burdens of proof and going forward with the evidence. A party seeking to enforce a medical malpractice arbitration agreement has the initial burden of producing evidence that the agreement was executed in strict compliance with the MMAA. Once prima facie evidence of such an agreement is presented, a statutory presumption of validity accrues. The burden of going forward with substantial evidence to rebut the presumption then shifts to the party seeking to avoid the agreement. The presumption is rebutted with substantial evidence of noncompliance with the requirements of the MMAA or with substantial evidence of coercion, mistake, duress, or fraud. If the party seeking to avoid the arbitration agreement successfully rebuts the statutory presumption of validity, the ultimate burden of persuading the court that the arbitration agreement is valid rests upon the opposing party.

Affirmed in part, reversed in part, and remanded.

DOCTOROFF, J., concurring in part and dissenting in part, stated that the matter should be remanded for a trial rather than for another evidentiary hearing because the record sufficiently demonstrates that the statutory presumption of validity of the arbitration agreement was rebutted and the defendants failed to carry the ultimate burden of proving that the agreement was valid.

1. ARBITRATION — MEDICAL MALPRACTICE ARBITRATION ACT — BURDEN OF PROOF — PRESUMPTION OF VALIDITY.

   The burden of establishing the existence of an arbitration agreement that conforms to the strict requirements of the medical malpractice arbitration act rests with the party seeking to enforce the agreement; once prima facie evidence of such an agreement has been presented, a statutory presumption of validity accrues, and the burden of going forward with substantial evidence to rebut the presumption then shifts to the party seeking to avoid the agreement; the presumption is rebutted with substantial evidence of noncompliance with the requirements of the act or with substantial evidence of coercion, mistake, duress, or fraud; if the party seeking to avoid the arbitration agreement successfully rebuts the presumption of validity, the ultimate burden of persuading the court that the arbitration agreement is valid rests with the opposing party (MCL 600.5041 *et seq.*; MSA 27A.5041 *et seq.*).

2. EVIDENCE — SUBSTANTIAL EVIDENCE.

    Substantial evidence consists of more than a mere scintilla of evidence but may amount to substantially less than a preponderance.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz* and *Richard D. Fox*), for Sandra K. Jozwiak.

*Donn Hubbell*, for Anida Burd.

*Smith, Haughey, Rice & Roege* (by *Elizabeth Roberts VerHey* and *Lance R. Mather*), for Northern. Michigan Hospitals, Inc., and Burns Clinic Medical Center.

Before: YOUNG, JR., P.J., and KELLY and DOCTOROFF, JJ.

YOUNG, JR., P.J. This is the second appeal in this case. Previously, the trial court dismissed plaintiffs' medical malpractice action against defendants under MCR 2.116(C)(7) on the ground that the action was barred by a valid arbitration agreement. This Court reversed and remanded for an evidentiary hearing. *Jozwiak v Northern Michigan Hosps, Inc*, 207 Mich App 161, 166; 524 NW2d 250 (1994). Following a hearing conducted on remand, the trial court again granted summary disposition in favor of defendants. Plaintiff Sandra K. Jozwiak appeals as of right from that decision.[1] We affirm in part, reverse in part, and remand.

We briefly repeat the underlying facts of the case as set out in this Court's previous opinion:

---

[1] Intervening plaintiff Anida Burd filed a cross appeal. However, we note that she has adopted plaintiff's appellate brief and does not raise any additional issues on appeal.

On February 11, 1989, [Mark] Coultes sustained injuries in an automobile accident. He was treated in the emergency room of defendant Northern Michigan Hospitals, Inc., and admitted to the hospital for continuing care. Coultes' recovery was progressing normally until February 23, 1989, when he developed a pulmonary embolism, resulting in brain damage and leaving him persistently comatose. On March 22, 1989, plaintiff was appointed temporary guardian for Coultes and was subsequently appointed his permanent guardian, apparently with the assistance of Marlene Guerin, who at that time was Northern's collection supervisor.

On April 4, 1989, Guerin presented plaintiff with numerous papers and forms to sign regarding Coultes' insurance coverage and continued confinement. According to plaintiff, Guerin told her that the papers were merely admission forms. In actuality, one of the papers plaintiff signed was an arbitration agreement backdated to February 11, 1989. Guerin claims that she told plaintiff about the arbitration agreement before plaintiff signed.

. . . Defendants successfully moved for summary disposition . . . . [*Id.* at 163.]

On the first appeal, plaintiff argued inter alia that summary disposition was inappropriate because defendants failed to prove that the arbitration agreement was executed in "strict compliance" with the medical malpractice arbitration act (MMAA), MCL 600.5040 *et seq.*; MSA 27A.5040 *et seq.* (repealed by 1993 PA 78). This Court disagreed but held that a factual dispute existed regarding whether Guerin informed plaintiff about the nature of the arbitration agreement. Accordingly, this Court reversed the trial court's dismissal and remanded "for an evidentiary hearing to determine the circumstances surrounding the execution of the arbitration agreement." *Jozwiak, supra* at 166. This Court explained:

Our review of the record reveals that the arbitration agreement signed by plaintiff was executed in strict compliance with the MMAA in that it met the six requirements articulated in [*McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 181; 405 NW2d 88 (1987)]. However, a factual dispute exists regarding whether Guerin informed plaintiff about the nature of the arbitration agreement. Plaintiff alleges that Guerin asked her to sign several papers, claiming that they were all merely admittance forms. Guerin, on the other hand, asserts that although she gave plaintiff several papers to sign, she specifically discussed the arbitration agreement with plaintiff. This factual dispute bears directly on the validity of the arbitration agreement. Evidence of fraud or mistake could rebut the statutory presumption of validity. *Id.* [*Id.*]

On remand, plaintiffs sought partial summary disposition, arguing that the recent repeal of the MMAA rendered the arbitration agreement unenforceable.[2] The trial court denied the motion, ruling that the arbitration agreement was enforceable notwithstanding the repeal of the MMAA. The trial court also denied plaintiff's request for a jury trial with regard to the issue on which the case was remanded—whether the arbitration agreement was procured by fraud or mistake and therefore invalid. At the subsequent evidentiary hearing, plaintiff acknowledged that she signed some papers and forms that Guerin presented to her. However, plaintiff testified that Guerin told her only that the papers were necessary for Coultes' continued treatment. Plaintiff testified that at no time did she realize that the papers contained an arbitration agreement, and that she would not knowingly have signed

---

[2] The repeal of the MMAA took effect on October 1, 1993, after the first appeal was filed and briefed, but before the issuance of this Court's previous opinion. Consequently, the issue was never raised in the first appeal.

one. Guerin testified that it was not her usual job to present arbitration agreements, and she could not remember all of the details concerning the presentation to plaintiff of the papers in question. However, Guerin testified that the arbitration agreement "would have been presented when I presented any other papers."[3] Guerin also testified that, to the best of her recollection, she explained the proposed arbitration agreement to plaintiff and gave her an arbitration booklet. Following the hearing, the trial court again dismissed plaintiff's lawsuit. The trial court also denied plaintiff's motion for reconsideration and relief from judgment.[4]

I

Plaintiff first argues that the arbitration agreement was retroactively invalidated by the repeal of the MMAA and the funding and implementation provisions of Chapter 30A of the Insurance Code, MCL 500.3051 *et seq.*; MSA 24.13051 *et seq.* This Court recently rejected plaintiff's argument in *Cox v D'Addario*, 225 Mich App 113, 129-130; 570 NW2d 284 (1997):

We conclude that the arbitration agreements are enforceable because they were valid under the MMAA, neither the

---

[3] The witnesses' testimony differed with respect to when and where plaintiff signed the arbitration agreement. Plaintiff testified that the only time she could have signed the arbitration agreement was in the hospital hallway, apparently on March 27, 1989, when Guerin approached her with a clipboard containing various admission papers. On the other hand, Guerin testified that she did not ask plaintiff to sign any papers at that time and that plaintiff probably signed the agreement in Guerin's office on April 4, 1989.

[4] In her motion for reconsideration and relief from judgment, plaintiff attacked the validity of the arbitration agreement on yet another ground— that the funding for Arbitration Services, Inc. (ASI), the entity that formerly administered medical malpractice arbitrations, had been terminated.

statute repealing the MMAA nor the statute terminating funding for the [arbitration administration fund, MCL 500.3057; MSA 24.13057,] expresses a legislative intent to abrogate or invalidate existing arbitration agreements, the repeal of the funding statute does not by implication mandate the invalidation of all unexecuted agreements because an alternative funding method is found in the MMAA, and the public policy of this state favors the enforcement of valid arbitration agreements.

Because we are bound by MCR 7.215(H) to follow this Court's decision in *Cox*, plaintiff's argument must fail.

II

Next, plaintiff argues that the trial court erred in denying her request for a jury trial regarding the question whether the arbitration agreement was procured by fraud or mistake. This argument lacks merit. In its prior opinion, this Court remanded the case with specific instructions that an evidentiary hearing be held. *Jozwiak, supra* at 166. In giving that direction, this Court necessarily determined that an evidentiary hearing was the appropriate forum for resolving this question. The trial court lacked authority to take any action inconsistent with this Court's instruction. As our Supreme Court stated in *Sokel v Nickoli*, 356 Mich 460, 464; 97 NW2d 1 (1959): "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." We further note that if plaintiff needed clarification of or disagreed with this Court's order remanding the matter for an evidentiary hearing, plaintiff should have sought rehearing or leave to appeal to the Supreme Court. *Hadfield v Oakland Co Drain Comm'r*, 218

Mich App 351, 356; 554 NW2d 43 (1996); *Toska v Campbell*, 155 Mich App 671, 674; 400 NW2d 617 (1986).

III

Lastly, plaintiff argues that the trial court erred in finding that the arbitration agreement is valid and enforceable. Specifically, plaintiff contends that the trial court erred in allocating the burden of proof and that it made clearly erroneous findings of fact. We agree with plaintiff in part. We conclude that the trial court failed to apply the correct legal analysis in reviewing the evidence presented.

According to *McKinstry*, *supra* at 180, once the party seeking to enforce an arbitration agreement, the defendant hospital or health-care provider, meets its initial burden of producing evidence that the agreement was executed in strict compliance with the MMAA, the statutory presumption of validity accrues. *McKinstry*, *supra* at 181. Once a prima facie showing is made giving rise to the presumption, the burden of going forward with evidence to rebut the presumption then shifts to the party seeking to avoid the agreement. *Id.*

This Court in its previous opinion held that, in this case, defendant made a prima facie showing that the arbitration agreement in question complied with the six requirements articulated in *McKinstry*, *supra* at 181. *Jozwiak*, *supra* at 166. Thus, the statutory presumption of validity accrued, and the burden shifted to plaintiff to rebut that presumption with evidence that either demonstrates noncompliance with the statutory requirements or establishes one or more defenses, such as coercion, mistake, duress, or fraud.

*McKinstry, supra* at 181. While the *McKinstry* Court
did not specify the quantum of evidence necessary to
meet that burden, it is clear that, under the "Thayer
bursting bubble" theory of presumptions, which the-
ory is embodied in MRE 301, *substantial* evidence is
required. *Widmayer v Leonard*, 422 Mich 280, 286;
373 NW2d 538 (1985). Michigan courts have repeat-
edly held that substantial evidence consists of more
than a mere scintilla of evidence but may amount to
substantially less than a preponderance. See, e.g., *In
re Payne*, 444 Mich 679, 692; 514 NW2d 121 (1994);
*Tompkins v Dep't of Social Services*, 97 Mich App
218, 222; 293 NW2d 771 (1980). While that definition
was developed in a different context, judicial review
of administrative agency decisions, we cannot discern
any basis for applying a different standard for deter-
mining whether substantial evidence has been submit-
ted to rebut a presumed fact.

Finally, under *McKinstry*, if the plaintiff seeking to
avoid the arbitration agreement successfully rebuts
the statutory presumption of validity, the ultimate
burden of persuading the court that the arbitration
agreement is valid rests upon the defendant. See
*McKinstry, supra* at 178-182. Evidence a defendant
might present to sustain its ultimate burden of per-
suasion could include proof of the habit of a person
or the routine practice utilized by the hospital in
admitting its patients. *Id.* at 181-182.

Plaintiff testified at the evidentiary hearing that
Guerin told her she had to sign various papers and
forms for Coultes' continued treatment. Plaintiff testi-
fied that she did not know that the forms contained
an arbitration agreement, and further that if she had
been presented with an arbitration agreement she

would not have signed it. There was also evidence that the arbitration agreement was misdated. Guerin acknowledged that she did not remember many details and that she did not ordinarily present arbitration agreements. However, Guerin testified that she would have presented the arbitration agreement in her office along with some other forms. In dismissing plaintiff's lawsuit, the trial court stated:

> A[ss]essing the whole record that has been made before this Court today and taking into account the things that have been indicated in the Court's decision, it is the conclusion of this Court that neither side has presented evidence which satisfies this Court that the credibility of its position is stronger and therefore would prevail in the analysis over the testimony of the other.
>
> The testimony on both sides with respect to the issues in question being equally credible, this case revolves [sic] itself then on the burden of proof which requires plaintiff to establish their [sic] version of the events by a preponderance of the evidence. The Court finds that the plaintiff has failed to carry that burden, and therefore the case will be again dismissed.

It is evident that the court did not follow the *McKinstry* burden-shifting framework in analyzing the testimony presented at the evidentiary hearing. Specifically, the trial court made no intermediary determination whether plaintiff presented substantial evidence sufficient to overcome the presumption that the arbitration agreement is valid. Consequently, we simply cannot discern from the trial court's comments whether it would have made the same decision had it considered the evidence under the correct legal standards. We therefore conclude that the appropriate course of action is to reverse the trial court's decision and remand the matter for further proceedings. On

remand, the trial court is directed to reconsider, in a manner consistent with this opinion, whether plaintiff presented substantial evidence rebutting the statutory presumption of validity. If the trial court finds that the statutory presumption was rebutted, the court should then determine whether defendants have sustained their ultimate burden of persuading the court that the arbitration agreement is valid.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

KELLY, J., concurred.

DOCTOROFF, J. (*concurring in part and dissenting in part*). I concur with sections I and II of the majority opinion.

Regarding section III, I agree with the majority that the trial court erred in assigning plaintiff the burden of proving fraud. However, I would reverse and remand for trial, rather than for more hearings.

As noted by the majority, the trial court stated:

> The testimony on both sides with respect to the issues in question being equally credible, *this case revolves (sic) itself then on the burden of proof which requires plaintiff to establish their* [sic] *version of the events by a preponderance of the evidence.* [Emphasis added.]

I believe this record sufficiently demonstrates that the trial court believed plaintiff presented more than a scintilla of evidence but less than a preponderance, sufficient to rebut the presumption of validity. The trial court found the testimony on both sides to be equally credible. Because the ultimate burden of proof was on defendants, the issue should have been resolved in favor of plaintiff. It was only because of

the court's erroneous assignment of the burden of proof to plaintiff that it found the agreement to be valid.

Although the trial court did not explicitly analyze the evidence in accordance with *McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 181; 405 NW2d 88 (1987), it is patently clear from the record that the trial court did not believe that defendants had proved by a preponderance of the evidence that the arbitration agreement was valid. I do not think another evidentiary hearing is required to make that determination. This case was filed in 1990. After eight years, I believe it is time we had a trial.