NICHOLS v. POSPIECH.

1. Brokers—Real Estate—Principal and Agent.

Real estate broker who investigated various parcels of real estate at the instance of a cotrustee which was desirous of investing some trust funds in real estate *held*, not the agent of seller of real estate under an agreement whereby purchaser agreed to pay the broker's commission.

2. Trusts—Authority of a Cotrustee—Notice to Persons Dealing with a Cotrustee.

Vendor of real estate in making contract of sale *held*, to have had notice she was dealing with a trust where the contract was signed by a trust officer as a cotrustee under a testamentary trust, hence she must determine at her own risk the authority of such trustee to execute a proposed contract, even though vendor was not sufficiently familiar with the English language to enable her to testify without the aid of an interpreter.

3. Same—Accounting—Cotrustees—Good Faith Contract of One —Disapproval by Other.

Vendor of land is accountable to trust estate for amount of down payment made to her under land contract signed by one cotrustee in good faith in such a manner as to indicate the existence of another cotrustee who was not a party thereto and who disapproved of the contract upon learning of it.

4. SAME—EXERCISE OF POWERS BY COTRUSTEES.

If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust.

5. SAME—COTRUSTEES AS COLLECTIVE TRUSTEE.

When there are several cotrustees, they all form one collective trustee and must perform their duties in their joint capacity, especially when the matter involves an exercise of discretion and judgment in contradistinction to acts of a mere ministerial nature.

6. SAME—COTRUSTEES—AUTHORITY.

Cotrustee who signed contract to purchase land and paid deposit from funds of the trust estate exceeded his authority when he entered into the contract without consulting the other cotrustee.

7. SAME—LAND CONTRACT—SIGNATURE OF COTRUSTEE—NOTICE TO OPPOSITE PARTY.

A vendor of land was placed upon notice as to possible limitations on the authority of those with whom she dealt when the contract was signed by the purchaser in a manner indicating the existence of a cotrustee who was not a party thereto.

8. SAME—TRUSTEE ACTS IN REPRESENTATIVE CAPACITY—NOTICE OF EXTENT OF HIS POWERS.

A trustee acts in a representative capacity and persons dealing with him are bound to be cognizant of the extent of his powers.

9. SAME—BONA FIDE TRANSFEREE OF TRUST FUNDS.

Vendor of land who received a down payment from trust funds under contract signed by cotrustee in such a manner as to put vendor on notice there was another cotrustee who was not a party thereto *held,* not a *bona fide* transferee of the trust funds delivered to her.

10. SAME—RECOVERY OF DOWN PAYMENT—EXPENSES OF CERTIFICATION OF ABSTRACTS.

Finding that one who is not a *bona fide* transferee of trust funds was liable to trust estate for down payment made to her under a land contract with interest from date received *held,* correct, but amount expended by cotrustees in getting abstracts certified after they had determined not to carry out the contract regardless of the condition of the title may not be recovered.

11. COSTS—AFFIRMANCE IN PART—REVERSAL IN PART.

No costs are allowed plaintiffs upon affirmance of part of judgment in court below and reversal as to part.

Appeal from Wayne; Sanford (Joseph F.), J., presiding. Submitted April 13, 1939. (Docket No. 22, Calendar No. 40,423.) Decided June 22, 1939.

Action by Elliott S. Nichols and Union Guardian Trust Company, a Michigan corporation, against Agnieszka Pospiech for the recovery of sums paid under a sales agreement relative to land. Judgment for plaintiff. Defendant appeals. Affirmed in part and reversed in part.

*Dykema, Jones & Wheat* (*Nathan B. Goodnow*, of counsel), for plaintiffs.

*Riseman, Lemke & Piotrowski*, for defendant.

CHANDLER, J. The facts are not in dispute. Plaintiffs herein are, and for a period of many years have been, trustees under the last will and testament of Elliott T. Slocum, deceased. Said will contained the following provisions relative to the powers of the testamentary trustees:

"In reinvesting the money belonging to my estate I direct that my executors and trustees invest only in good municipal bonds.

"I give my executors and trustees the power to buy and sell real estate whenever they think it best and for the interest and good of the estate.

"I hereby nominate and appoint the Union Guardian Trust Company of Detroit, and Elliott Slocum Nichols of the same place as executors and trustees of this my last will and testament."

Defendant in August, 1935, was the owner of certain real property in the city of Detroit located at the southwest corner of Livernois and Seven Mile Road west. Prior to August, 1935, and subsequent

thereto, one Thomas R. Boyle, an attorney at law, was in the employ of the Union Guardian Trust Company as trust officer, and had charge of the estate of Elliott T. Slocum, deceased, and as trust officer, he and Elliott S. Nichols, cotrustee, were interested in investing the funds of the Slocum trust in desirable parcels of property. In the middle of August, 1935, Boyle went to the office of one Thomas, a real estate agent whom he had known for a number of years, and requested him to ascertain who owned the properties located at the corner of Seven Mile Road and Livernois, and to make inquiry concerning the purchase price thereof. Thomas, in pursuance of this request, made an investigation and later reported to Boyle that defendant owned the lots at the southwest corner of Seven Mile Road and Livernois, and that they could be purchased for $12,000. Boyle thought the price too high. Thomas left the office and later came back with information that defendant would sell for $11,000. Boyle then prepared and signed the following so-called sales agreement:

"Detroit, Michigan,
"August 28, 1935.
"The undersigned, hereinafter referred to as the purchaser, hereby offers and agrees to purchase from Mrs. Agnieszka Pospiech of Detroit, Michigan, the following described property, situated in the city of Detroit, county of Wayne, State of Michigan, known as the

Southwest corner of Livernois and Seven Mile Road West, having a frontage of 56.60 feet on the Seven Mile Road and a depth of 140 feet south along Livernois, and described as Lots 1 and 2 Canterbury Gardens Subdivision

and to pay therefor the sum of $11,000, payable as follows: $1,000 as a deposit on the date hereof and

the balance, $10,000, on delivery of an executed warranty deed.

"The seller agrees to grant and convey to the purchaser an unincumbered merchantable title to the above property, subject to the hereinafter-mentioned lease and to such restrictions as may be of record, and further agrees to deliver within 10 days from the date hereof to the purchaser an abstract of title certified to the date hereof or some later date, showing such title. If, upon examination of said abstract, the title is not found to be merchantable, reasonable additional time, not to exceed 60 days, should be granted to the seller to make same merchantable.

"It is understood that the property is under lease to the operator of a fruit stand, which lease contains a clause granting the lessor, or his assigns, the right to cancel same upon six months notice.

"The purchaser agrees to pay the second half of the 1935 city taxes; the seller to pay all other taxes and assessments now a lien on the property. Rents, insurance and public utility bills are to be adjusted to date of execution of the warranty deed.

"The purchaser agrees to pay the broker's commission.

"The purchaser agrees to consummate the said deal within 15 days after delivery to it of the abstract showing merchantable title in the seller, except as herein mentioned and that if the said deal is not closed within 15 days, as herein mentioned, then the said deposit of $1,000 shall be retained by the seller as liquidated damages.

"This offer binds the undersigned in its fiduciary capacity only and not in its corporate capacity.

"It is understood and agreed that no promises or representations other than those contained herein shall be binding upon the seller or purchaser.

"UNION GUARDIAN TRUST COMPANY,
"Co-Trustee under the Will of
Elliott T. Slocum, Deceased.
by (Sgd.) THOMAS R. BOYLE
Trust Officer

"Witness:
" (SGD.) H. A. THOMAS.
"I, the undersigned, hereby agree to sell the above described property on the above terms and conditions and acknowledge the receipt of $1,000, the above-mentioned deposit, the same to be held in accordance with the terms of said offer.

" (Sgd.) AGNIESZKA POSPIECH,
" (Sgd.) FRANCIS O. BALICKI
"Accepted: August 28, 1935."

This instrument, together with a check for $1,000 drawn on the funds of the Slocum estate payable to defendant, was delivered to Mr. Thomas by Boyle at about 1:30 o'clock, p. m., on August 28, 1935, and at about 4 o'clock p. m. of the same day Thomas returned to the office of Mr. Boyle with the acceptance of the agreement signed by defendant and reported delivery of the check to defendant. At this time he delivered to Boyle abstracts of title to the property in question, which he had secured from defendant. Defendant had in her possession deeds of the property from her parents, which she had not recorded because of nonpayment of taxes, and which deeds she exhibited to Thomas before she signed the contract and turned the abstracts over to him.

On the following day, before the opening of the banks, Mr. Nichols called at the office of Mr. Boyle and received full information regarding the transaction. Nichols at once disapproved of it, and asked Boyle to get the check back, but no effort was made to stop payment of the check though it could have been done at that time. Boyle and Nichols asked Thomas, the real estate agent, to contact defendant and obtain a return of the money, but Thomas said that he would have difficulty in accomplishing this, and so far as the record shows made no effort to do so.

The record is convincing that the reason Mr. Boyle and Mr. Nichols wanted to rescind the transaction at this time was because of the restrictions of record which Boyle discovered when Thomas delivered the abstracts to him, although the written contract contained the express provision that the purchase was to be ''subject to the hereinafter-mentioned lease and to such restrictions as may be of record.''

On the 3rd or 4th of September, Messrs. Boyle and Nichols delivered the abstracts to Mr. Dykema, counsel for the estate, and the same by order of Boyle and Nichols were certified to September 5, 1935. Nothing more was done until September 17th, when Mr. Dykema wrote defendant the following letter:

''September 17, 1935.

''Mrs. Agnieszka Pospiech,
''5503 McDougall Avenue,
''Detroit, Michigan.
''Dear Madam:

''Under date of August 28, 1935, an offer to purchase property in Detroit described as follows:

Southwest corner of Livernois and Seven Mile Road West, having a frontage of 56.60 feet on the Seven Mile Road and a depth of 140 feet south along Livernois, and subscribed as lots 1 and 2 Canterbury Gardens Subdivision

was delivered to you by the Union Guardian Trust Company. Indorsed on the offer over your signature is your acceptance and your acknowledgment of receipt of $1,000 as a deposit.

''The Union Guardian Trust Company, in executing the paper mentioned, was acting for the estate of Elliott T. Slocum, deceased, of which it is one of two trustees. It signed itself 'co-trustee under the will of Elliott T. Slocum, deceased' and stated in the offer that it was acting 'in its fiduciary capacity only.'

"The cotrustee with the trust company is Elliott S. Nichols. He did not authorize the offer mentioned, nor did he authorize a purchase of the property described in the offer upon the terms and conditions therein set forth. Mr. Nichols has declined to approve or ratify the offer or purchase.

"We have advised the trustees that the offer mentioned is not binding upon the trust estate and imposes no obligation upon it. The trust estate can be legally bound only by the act of both trustees.

"Mr. Thomas, the real estate agent, delivered to the Union Guardian Trust Company two abstracts of title. One applied to lot 1 and the other to lot 2, in the above description. These abstracts were, in accordance with the arrangement at the time of delivery, sent by the trust company to the abstract company for extension to a current date. The charges of the abstract company for extension of the two abstracts were $16.50 and $11 respectively, a total of $27.50. The abstracts are Nos. 406051 and 406052 of Abstract & Title Guaranty Company.

"We have examined the titles to said lots 1 and 2 as shown by the abstracts. In our opinion the abstracts do not show a merchantable title to either lot in yourself.

"By reason of the facts stated above, the trustees under the last will and testament of Elliott T. Slocum, deceased, deny that the said offer or agreement dated August 28th, is of any force or effect whatever. They deny that it imposed any obligation whatsoever upon themselves as trustees or the trust estate. In their behalf, we hereby demand return of the sum of $1,000, paid you in connection with the offer and reimbursement of the payment for abstract extensions of $27.50. If your payment is made by check, the check should be made payable to 'Elliott S. Nichols and Union Guardian Trust Company, trustees under the last will and testament of Elliott T. Slocum, deceased.' If the sum hereby demanded is not paid immediately, it will bear interest at the legal rate.

"The abstracts are in our possession. We will deliver them to you, or upon your order, at any time.

"Very truly yours,
"Dykema, Jones & Wheat,
"R. K. Dykema."

In December, 1935, this suit was instituted to recover the down payment and expenses incurred in obtaining certification of the abstracts on the theory that the action of Boyle in signing the agreement could not bind the estate because it was unknown to, and unauthorized by, Nichols; that Nichols did not authorize, ratify or confirm the agreement; and that defendant failed to furnish merchantable title.

Defendant contends that plaintiffs are not entitled to recover because there is no privity of contract between Nichols and defendant; and also claims that Nichols ratified the action of Boyle in executing the agreement.

The case was tried without a jury and the trial court entered a judgment in favor of plaintiffs for $1,000 and interest, plus $27.50 expended by plaintiffs for extension of the abstracts. Defendant moved for a new trial, which motion was denied, and this appeal followed.

The findings and conclusions of the trial court on the rendition of this judgment are substantially as follows: that the trust company could not bind the trust estate without Nichols joining in the execution of the agreement; that inasmuch as defendant did not plead ratification or estoppel that such defense could not be considered; and further, that the evidence did not establish ratification on the part of Nichols even though it be held that Thomas was agent for plaintiffs. The court was of the opinion that it had not been established that Thomas was acting as agent for plaintiffs. He also found that a ratification of the contract by Nichols would have

to be in writing in order to satisfy the statute of frauds; * that defendant failed to furnish merchantable title to the premises in accordance with the agreement, and that plaintiffs were entitled to recover the down payment of $1,000, plus interest, because of her failure in this regard, together with the sum of $27.50 paid from the funds of the trust estate for certification of the abstracts.

Prior to this transaction, and at the date of it, the trustees of the Slocum estate were seeking real estate investments for funds of the estate, and Boyle as trust officer of one of the trustees sought the aid of Thomas to investigate certain properties, including defendant's. Upon receiving the report of agent Thomas, Boyle at once prepared and signed the agreement, giving Thomas a check for $1,000 to be paid to defendant upon signing and acceptance of said agreement by her. She signed the contract and received the check, which was to be retained by her, as expressly stipulated in the contract, as damages in case of nonperformance on the part of the purchaser. We, therefore, conclude that Thomas in the negotiations leading up to the execution of the contract was not representing the defendant.

Appellees contend that appellant in making the contract had notice that she was dealing with a trust because the contract was signed by ''Union Guardian Trust Company, Co-Trustee under the will of Elliott T. Slocum, Deceased, by Thomas R. Boyle, Trust Officer,'' and that any person dealing with a trustee must determine at his own risk the authority of such trustee to execute a proposed contract. We are in accord with this contention even though the defendant was not sufficiently familiar with the English language to enable her to testify without the aid of an interpreter.

---

* See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).—REPORTER.

The transaction was in all respects fair and above-board, and the parties should consider themselves bound by the intent and spirit of such transactions, and not seek to avoid them by reason of technicalities. The plaintiffs want their marble back, and because of the rules of law governing contracts by trustees, we are constrained to hold that defendant must account for the amount paid to her because one of the trustees refuses to be bound by the agreement entered into by his cotrustee in absolute good faith.

A discussion of but one question is deemed necessary, that is, where one of two trustees exceeds his authority by entering into a contract for the purchase of real estate and uses trust funds in making an initial payment without the consent of his cotrustee, the latter disapproving the transaction as soon as he is informed thereof, may the trustees maintain an action in assumpsit against the vendor to recover the deposit?

In Restatement of Law of Trusts, p. 516, § 194, it is said:

"If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust."

This rule has also been stated as follows:

"When the administration of a trust is vested in cotrustees, they all form but one collective trustee. They must, therefore, execute the duties of the office in their joint capacity. This principle enters into all cases depending on the discretion and judgment of the trustees in contradistinction to acts of a mere ministerial nature." 26 R. C. L. p. 1333.

See, also, *Larmer* v. *Price*, 350 Ill. 401 (183 N. E. 230); *In re Dorrance's Will*, 333 Pa. 162 (3 Atl. [2d] 682).

That the foregoing rule applies to the purchase of real estate is shown by *Dingman* v. *Boyle,* 285 Ill. 144 (120 N. E. 487), where the failure of all the named cotrustees to sign the contract of purchase was held to be a valid defense by the other party to the contract in a suit by a real estate broker for commissions resulting from the sale, the reason being that the contract was invalid. It was said by the court:

"Where there are several cotrustees, they all form, as it were, one collective trustee, therefore they must perform their duties in their joint capacity, even in making a purchase."

It is clear, therefore, that Mr. Boyle, the trust officer of the Union Guardian Trust Company, who signed the contract and paid the deposit from the funds of the trust estate, was exceeding his authority when he entered into the contract without consulting Mr. Nichols, the cotrustee. For this reason, the agreement to purchase was invalid.

The appellant was placed on notice as to possible limitations on the authority of those with whom she dealt when the contract was signed by the purchaser in a manner indicating the existence of a cotrustee who was not a party thereto. A trustee acts in a representative capacity and persons dealing with him are bound to be cognizant of the extent of his powers. *Clark* v. *Provident Trust Co.,* 329 Pa. 421 (198 Atl. 36). By her failure to inquire as to the authority of the purchaser to execute the contract without the signature or consent of the cotrustee, we reluctantly hold that the court correctly concluded that defendant was not a *bona fide* transferee of the trust funds delivered to her.

The trial court was not in error in his findings and conclusions that plaintiffs were entitled to recover of defendant the sum of $1,000, plus interest

thereon from August 28, 1935, but he was in error in awarding plaintiffs the additional sum of $27.50, plus interest, representing the amount expended by them for certification of the abstracts when they had, before incurring such expense, determined that they would not carry out the terms of the agreement regardless of the condition of the title.

The judgment to the amount of $1,000, plus interest thereon, is affirmed, but is reversed as to the balance. No costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.