KLEYNENBERG *v*. HIGHLANDS REALTY CORPORATION.

1. APPEAL AND ERROR—PARTIAL NEW TRIAL—SET-OFF—ABSENCE OF
   FINDING BY TRIAL COURT ON QUESTION OF FACT.
   Partial new trial in regard to set-off asserted by defendant is
   ordered, where the validity of the set-off depends upon a
   resolution of a factual question as to whether or not pump
   plaintiff had sold to defendant was defective, a matter which
   depended to a large extent upon the credibility of witnesses
   and trial court had made no clear finding of fact as to whether
   the well or the pump was defective.

2. SAME—RELEASE OF AMOUNT TENDERED INTO COURT.
   Amount paid into court by defendant after having been tendered
   to plaintiff is ordered released to plaintiff upon reversal of
   judgment as to amount allowed defendant by way of set-off
   and denial to plaintiff of interest on amount tendered and paid
   into court.

3. INTEREST—TENDER.
   Plaintiff was not entitled to interest on sum tendered by defend-
   ant and paid into court, the amount of plaintiff's claim less
   the amount defendant claimed as a set-off, since the tender cut
   off interest as to amount tendered.

4. COSTS—AFFIRMANCE IN PART—REVERSAL IN PART.
   No costs are allowed either party, where judgment is reversed
   but only a partial new trial is ordered as to set-off claimed
   by defendant and which had been allowed by the trial court.

Appeal from Kent; Brown (William B.), J.   Sub-
mitted June 10, 1954 (Docket No. 33, Calendar No.
46,134.)   Decided September 8, 1954.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 1226.
[3] 30 Am Jur, Interest § 53.
[4] 14 Am Jur, Costs § 92.

Assumpsit by John M. Kleynenberg and others, doing business as John M. Kleynenberg & Sons, against Highlands Realty Corporation, a Michigan corporation, for well-drilling services. Defendant claimed set-off. Judgment for plaintiffs in reduced amount. Plaintiffs appeal. Reversed and partial new trial ordered.

*Thomas D. Anderson,* for plaintiffs.

*Bahna, Nowak & Bahna,* for defendant.

Butzel, C. J. Plaintiffs John M. Kleynenberg & Sons, according to their letterhead, are in the well-drilling and repairing business. They brought suit against defendant, Highlands Realty Corporation, to recover the sum of $1,718.66 for labor and materials expended in drilling and constructing a complete water well on defendant's property leased to the Grand Rapids Country Club. Defendant admits this amount to be due plaintiff under a written contract dated March 3, 1953, but claims a set-off amounting to $395.57 which it alleges is due and owing to it as the cost of repairing an electric motor allegedly damaged because of a defective pump which plaintiffs had installed for defendant under a previous written contract dated January 22, 1952. Defendant produced testimony to the effect that it demanded these damages under the 1952 contract at the time when the 1953 contract was entered into. No agreement, however, was reached in regard to this claimed set-off. Defendant paid into court $1,323.09 of the amount claimed by plaintiffs so that the real amount in controversy is only $395.57, although the trial judge rendered a judgment of $1,323.09 without costs in favor of plaintiffs and certified on the appeal that the amount involved was over $500. Plaintiffs claim that the set-off should have been disallowed

and that judgment should have been rendered for the full amount claimed by them, plus interest and costs.

In an offer dated January 22, 1952, plaintiffs offered to sell to defendant a 15 h.p. deep-well turbine pump. The offer contained the following warranty:

"Will guarantee this pump for 1 year against defects in workmanship or materials, should anything prove defective inside of 1 year we will replace or repair free of charge."

Upon defendant's acceptance, the pump was installed in the spring of 1952 in an old well on defendant's property. In August, 1952, the pump began pumping sand and the senior member of plaintiff's firm was called in to inspect the well. He concluded that the pump was working properly but that the well itself was defective. Undoubtedly there was a defect somewhere because the pump continued to bring up sand which not only was thrown with the water over the floor of the pump house but also entered the sprinkling system and cut the valves and sprinklers. Notwithstanding the replacement of the packing on the pump shaft, the pump continued to leak and shortly thereafter threw water and sand all over the pump house. The electrical units became wet. When the automatic thermal overload switch did not function properly, it and the motor burned out.

Defendant claims that there should have been a deflector on the pump and that had there been such, the damage to the motor would not have occurred. On the other hand, plaintiffs claim that the absence of a deflector was not the cause of the trouble but insist that the well itself was defective, had holes in the casing, or was improperly screened. Plaintiffs emphasize that the first contract provided solely for

the installation of a pump in the old well of defendant and that there was nothing whatsoever in that contract that provided for the repair of an old well. Plaintiffs particularly emphasize that the warranty in that contract pertained only to the pump and not to the well.

Under the contract of March 3, 1953, plaintiffs drilled a new well for defendant in the immediate vicinity of the old well. It is quite significant that shortly after the difficulty arose, it was deemed advisable to drill a new well, but it is equally significant that a deflector was attached to the pump when it was removed from the pump house to a new location.

Notwithstanding the various issues that are raised, the question involved is entirely a factual one. Was the damage caused by a defective well or a defective pump? The trial judge indulged in many unnecessary remarks, only part of which, according to plaintiffs' brief, are included in the record, but he made no clear finding of fact. It is difficult to tell from the trial judge's decision whether it was his conclusion that the pump or the well was defective. He generalized to such an extent that his decision might be construed to mean that the well was defective; on the other hand, when he mentioned the well he may have meant the pump, using the former term as all inclusive. It is evident from the record that the decision was based upon a misapprehension as to the extent of the warranty contained in the contract for the sale of the pump. Plaintiffs warranted only the performance of the pump sold to defendant and in no manner warranted the condition of the old well.

Since the validity of the set-off asserted by defendant depends upon a resolution of the factual question of whether or not the pump was defective and such depends to a large measure upon the credibility of the witnesses and this is a law case, we reluctantly must reverse the judgment and order a partial new

trial in regard to the amount asserted by the defendant as a set-off. The amount tendered by the defendant and deposited with the clerk of the court may be released to the plaintiffs, leaving only the amount of $395.57 in controversy.

Plaintiffs make the claim on appeal that they should be allowed the full amount of $1,718.66 plus interest and costs. The tender into court cut off the interest as to that amount tendered. Plaintiffs are not entitled to such a judgment on the record before us and therefore have not fully prevailed.

The judgment is reversed and a partial new trial ordered. No costs to either party. *Nichols* v. *Pospiech,* 289 Mich 324.

CARR, BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.