HADFIELD v OAKLAND COUNTY DRAIN COMMISSIONER

Docket No. 177573. Submitted June 11, 1996, at Detroit. Decided August
20, 1996, at 9:05 A.M. Leave to appeal sought.

Glen R. and Jane P. Hadfield brought an action in the Oakland Circuit
Court against the Oakland County Drain Commissioner and others,
alleging that the defendants' failure to act with respect to the
installation and maintenance of private culverts along certain
county drains had caused flooding that permanently damaged the
plaintiffs' land and had denied them use of that land and pleading
several theories of recovery, including intentional nuisance. The
court, Farrell E. Roberts, J., found that the drain commissioner had
created a private nuisance, held that governmental immunity did
not apply to that claim, and entered an award of damages. The
Court of Appeals, ALLEN, P.J., and BRENNAN and R. M. DANIELS, JJ.,
affirmed. Unpublished opinion per curiam of the Court of Appeals,
issued September 20, 1984 (Docket No. 68789). The Supreme Court
held that the drain commissioner was not protected by governmen-
tal immunity, but remanded the matter to the circuit court for spe-
cific findings of fact with respect to the question of damages and
an award of damages based upon those findings. 430 Mich 139
(1988). The circuit court, Fred M. Mester, J., entered a new award
of damages, ordering statutory interest from the date of the filing
of the complaint to the date of the satisfaction of the judgment. A
partial satisfaction of judgment in the amount of the new award of
damages plus the accrued statutory interest on that award from the
date of the filing of the complaint was made to the plaintiffs. The
plaintiffs appealed by leave granted. The Court of Appeals, WEAVER
and TAYLOR, JJ., (SHEPHERD, P.J., dissenting) held that the trial court's
findings with respect to the amount of damages were clearly erro-
neous, recalculated the damages, held that the drain commissioner
was liable for the substantially larger award of damages thus calcu-
lated plus interest, and affirmed. Unpublished opinion per curiam
of the Court of Appeals, issued April 12, 1993 (Docket No. 124295).
In response to a defense motion for postjudgment relief, the trial
court held that the statutory interest with respect to the added
damages resulting from the recalculation done by the Court of
Appeals should accrue from the date the opinion of the Court of
Appeals was issued and not from the date of the filing of the com-

plaint and entered a judgment to that effect. The plaintiffs appealed.

The Court of Appeals *held*:

The trial court abused its discretion in limiting prejudgment interest with respect to the added damages to the period from the date of the issuance of the opinion of the Court of Appeals to the date of the satisfaction of the amended judgment. The Court of Appeals in its April 12, 1993, opinion held that the drain commissioner was liable for damages in an increased amount plus interest. The trial court was without authority to take any action that was inconsistent with the opinion of the Court of Appeals. Because the trial court in entering the judgment of damages following the remand by the Supreme Court held that the statutory prejudgment interest should accrue from the date of the filing of the complaint and no appeal was taken with respect to that holding, that holding became the law of the case. Further, the statute, MCL 600.6013(2); MSA 27A.6013(2), clearly provides that prejudgment interest accrues from the date of the filing of the complaint. Accordingly, the prejudgment interest with respect to the added damages resulting from the recalculation by the Court of Appeals accrues from the date of the filing of the complaint.

Reversed and remanded.

*Bendure & Thomas* (by *Mark R. Bendure*), for the plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark and Hampton* (by *William P. Hampton* and *Lanie Anderson*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and MARKMAN and J. L. MARTLEW,* JJ.

PER CURIAM. After the Supreme Court remanded *Hadfield v Oakland Co Drain Comm'r*, 430 Mich 139; 442 NW2d 205 (1988), for further findings of fact and damages, the Oakland Circuit Court on July 3, 1989, awarded plaintiffs damages of $34,982.82. On July 19, 1989, an amended opinion and order was entered

---

* Circuit judge, sitting on the Court of Appeals by assignment.

awarding statutory interest on the $34,982.82 at six percent per annum from January 7, 1977, the date of the filing of the complaint, to June 1, 1980, and twelve percent interest from June 1, 1980, to the date of satisfaction. MCL 600.6013; MSA 27A.6013.

On September 11, 1989, a stipulated order was entered for the payment of the judgment and current interest into court pursuant to MCR 8.106 and MCL 600.576; MSA 27A.576. A partial satisfaction was given by plaintiffs on September 12, 1989, in the amount of $128,448.17 representing the amount of the amended and final judgment of July 19, 1989, with interest up through August 9, 1989. Plaintiffs moved for disbursement of these funds, and, on September 29, 1989, the court ordered the funds released to plaintiffs.

On December 16, 1989, plaintiffs appealed, by leave granted on July 16, 1990, the trial court's order of July 19, 1989. Defendants did not cross appeal. On April 12, 1993, this Court held that the trial court's findings of fact with respect to the amount of damages were clearly erroneous and that the drain commissioner was liable in the amount of $162,254.10 plus interest. *Hadfield v Oakland Co Drain Comm'r*, unpublished opinion per curiam of the Court of Appeals, issued April 12, 1993 (Docket No. 124295). Defendants' motion for rehearing was denied by this Court on July 16, 1993.

Defendants filed a motion for postjudgment relief with the trial court on June 15, 1994. The trial court held that statutory interest on the added damages of $127,271.28 resulting from this Court's amended award would accrue from the date of this Court's opinion, April 12, 1993, and not from January 7, 1977, the date of the filing of the complaint. On July 27,

1994, the trial court entered an order granting defendants postjudgment relief and requiring defendants to pay into the court $147,776.39 (the added damage of $127,271.28 plus $29,505.11 in postjudgment interest). Plaintiffs appealed the trial court's July 27, 1994, order as of right on August 4, 1994. Plaintiffs filed a motion for an order for release of the funds held by the circuit court ($147,776.39), which was denied by the trial court. The order denying this motion also provided that the funds were not to be released while plaintiffs' appeal was pending.

Following the order of remand by the Supreme Court, the trial court awarded plaintiffs $34,982.82 damages with interest from the filing of the complaint. Plaintiffs appealed, and this Court amended the award to $162,254.10 plus interest, increasing the damages by $127,271.28 over those found by the trial court. When the trial court regained jurisdiction, it granted defendants' motion for postjudgment relief, stripping plaintiffs of prejudgment interest with respect to this Court's increase in damages of $127,271.28 resulting from this Court's amended award. Defendants did not appeal the trial court's judgment finding plaintiffs entitled to prejudgment interest.

Plaintiffs claim that the trial court did not have authority to deny prejudgment interest with respect to the increase in damages of $127,271.28 when defendants failed to appeal the trial court's previous order entitling plaintiffs to prejudgment interest. We agree.

The trial court's decision on the motion for postjudgment relief is reviewed for an abuse of discretion. *Haberkorn v Chrysler Corp*, 210 Mich App

354, 382; 533 NW2d 373 (1995). In civil cases, an abuse of discretion exists when the decision is so violative of fact and logic that it evidences a defiance of judgment and is not the exercise of reason, but rather, of passion or bias. *Dacon v Transue*, 441 Mich 315, 329; 490 NW2d 369 (1992).

When a matter is remanded to the trial court by an appellate court, the trial court possesses the authority to take action that is consistent with the appellate court's opinion and order. *VanderWall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). Res judicata precludes the trial court from considering issues not considered by the appellate court during a prior appeal, if the issues could have been raised on the prior appeal. *Id.* at 196-197. A trial court cannot do on remand what higher courts could not do on appeal. *Id.*

On the basis of *VanderWall, supra*, the trial court's July 19, 1989, judgment had res judicata effect on all subsequent proceedings in the trial court because defendants failed to appeal that determination. Defendants were bound on that issue. Accordingly, the trial court abused its discretion in holding that plaintiffs were not entitled to prejudgment interest with respect to the increased damages of $127,271.28.

Defendants' argument that the trial court had authority to grant postjudgment relief pursuant to MCR 2.612(C)(1)(e) is unpersuasive, because defendants could have raised the issue of the satisfaction of judgment in the original appeal, but did not, and, thus, were precluded from seeking relief under MCR 2.612. *VanderWall, supra.*

The trial court was prevented by the doctrine of law of the case from ruling that plaintiffs were not

entitled to prejudgment interest with respect to the $127,271.28 added by this Court's amended award. If a party disagrees with this Court's ruling on appeal it should seek rehearing or leave to appeal to the Supreme Court and not challenge this Court's determination in the trial court. *Bennett v Bennett*, 197 Mich App 497, 503; 496 NW2d 353 (1992); *Freeman v DEC Int'l, Inc*, 212 Mich App 34, 37; 536 NW2d 815 (1995). In its April 12, 1993, opinion, this Court amended the trial court's judgment to reflect an award of $162,254.10 plus interest. Because this Court ruled on the prejudgment interest issue, the trial court was precluded from altering that ruling. The satisfaction of September 12, 1989, by its own terms, was a "partial" satisfaction. MCL 600.6013; MSA 27A.6013 establishes the tolling of interest only on a full satisfaction.

MCL 600.6013(2); MSA 27A.6013(2) specifically states that interest accrues on money judgments from the time the complaint was filed:

> For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on judgment *shall be calculated from the date of filing the complaint* to June 1, 1980, at the rate of 6% per year and on and after June 1, 1980, to the date of satisfaction of the judgment at the rate of 12% per year compounded annually. [Emphasis supplied.]

The purpose of this provision is to compensate prevailing parties for expenses incurred in bringing suits for money damages and for any delay in receiving such damages. *Coughlin v Dean*, 174 Mich App 346, 352; 435 NW2d 792 (1989). The provision is remedial in nature and is to be construed liberally in favor of

the plaintiff. *Southfield Western, Inc v Southfield*, 206 Mich App 334, 339; 520 NW2d 721 (1994). The use of the word "shall" in a statute connotes mandatory duty or requirement. *Heyler v Dixon*, 160 Mich App 130, 152; 408 NW2d 121 (1987). Therefore, imposition of statutory interest pursuant to MCL 600.6013; MSA 27A.6013 is mandatory and interest must be paid from the date the complaint was filed. *Id.* This Court has held that trial courts must accrue interest from that time. *Dep't of Treasury v Central Wayne Co Sanitation Authority*, 186 Mich App 58, 64; 463 NW2d 120 (1990); *Goins v Ford Motor Co*, 131 Mich App 185, 201-202; 347 NW2d 184 (1983).

Statutory interest accrues until the judgment is satisfied. MCL 600.6013(2); MSA 27A.6013(2). MCR 2.620 sets forth the manner in which a judgment debtor can satisfy a judgment. Subsection 2 of that court rule specifically provides that a money judgment may be satisfied by "payment to the clerk of the judgment, interest, and costs." However, payment to the clerk stops the accrual of interest only with respect to the portion paid, not the entire amount later determined to be due. *Kleynenberg v Highlands Realty Corp*, 340 Mich 339, 343; 65 NW2d 769 (1954); *Niggeling v Dep't of Transportation*, 195 Mich App 163, 166; 488 NW2d 791 (1992).

The July 27, 1994, order of the Oakland Circuit Court is reversed. We remand to the trial court to recompute the interest. Pursuant to this Court's April 12, 1993, opinion, plaintiffs are entitled to $127,271.28 plus interest from January 7, 1977, the date the complaint was filed, until that judgment is satisfied. On the basis of MCL 600.6013(2); MSA 27A.6013(2), interest should "be calculated from the date of filing the

complaint to June 1, 1980, at the rate of 6% per year and on and after June 1, 1980, to the date of satisfaction of the judgment at the rate of 12% per year compounded annually." However, because defendants deposited $147,776.39 with the court on July 27, 1994, which represented the court's additur of $127,271.28 plus $20,505.11 in postjudgment interest, the court should determine what the principal and interest owed would have been on July 27, 1994, and subtract from that amount $147,776.39. See *Niggeling, supra* at 166. Interest on the remaining amount owed from July 27, 1994, should be calculated at the rate of twelve percent a year compounded annually until it is fully paid.

Reversed and remanded.