SOUTH MACOMB DISPOSAL AUTHORITY v AMERICAN
INSURANCE COMPANY

Docket No. 217506. Submitted November 14, 2000, at Detroit. Decided
December 15, 2000, at 9:20 A.M. Leave to appeal sought.

South Macomb Disposal Authority brought an action in the Macomb
Circuit Court against American Insurance Company, National
Surety Corporation, Citizens Insurance Company of America, and
others, seeking a declaration that the insurers are obligated by
their liability insurance policies covering landfills operated by the
plaintiff to defend and indemnify the plaintiff against any remedia-
tion that the Michigan Department of Natural Resources (now the
Michigan Department of Environmental Quality) may order for
groundwater contamination allegedly caused by leachate from the
plaintiff's landfills. The insurers moved for summary disposition,
arguing that the alleged contamination was not sudden and acci-
dental and that coverage therefore was excluded by the pollution
exclusion clauses in their policies. The plaintiff responded by alleg-
ing that the contamination was caused by leakage from an adjoin-
ing parcel that it did not own and was used as a landfill in the past
(the Walker site). The court, Michael D. Schwartz, J., denied the
defendants' motion. The Court of Appeals, CORRIGAN, P.J., and
JANSEN and M. WARSHAWSKY, JJ., reversed and remanded for further
proceedings, concluding that the plaintiff's evidence supporting its
claim of another source of contamination was insufficient to estab-
lish a genuine issue for trial and that the plaintiff failed to present
facts demonstrating that leakage from its landfills was sudden so as
not to be subject to the pollution exclusion clauses of the insurers'
policies. 225 Mich App 635 (1997). The plaintiff thereafter engaged
an expert to undertake a hydrogeological investigation of the
source of the contamination. After the expert concluded that the
source was the Walker site, not the plaintiff's landfills, the plaintiff
moved in the circuit court for relief from the judgment of the Court
of Appeals on the basis of newly discovered evidence. The circuit
court granted the motion. American Insurance Company and
National Surety Corporation appealed by leave granted, and Citi-
zens cross appealed.

The Court of Appeals *held*:

Relief from judgment may be granted by a court if there exists newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial. There are four requirements that must be met for newly discovered evidence to support a motion for postjudgment relief: the evidence, not simply its materiality, must be newly discovered; the evidence must not be merely cumulative; the newly discovered evidence must be such that it is likely to change the result; and the party moving for relief from judgment must be found to have not been able to produce the evidence with reasonable diligence.

In this case, the circuit court abused its discretion in granting the plaintiff's motion for relief from judgment inasmuch as the plaintiff failed to demonstrate that, with the exercise of reasonable diligence, it would not have been able to produce the newly discovered evidence at an earlier time. The plaintiff could have had the investigation done earlier, and an earlier investigation would have identified the Walker site as a source of the contamination.

Reversed.

JUDGMENTS — RELIEF FROM JUDGMENT — NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence, as a basis for relief from judgment, must meet four requirements: the evidence, not simply its materiality, must be newly discovered; the evidence must not be merely cumulative; the newly discovered evidence must be such that it is likely to change the result; and the party moving for relief from judgment must be found to have not been able to produce the evidence with reasonable diligence (MCR 2.612[C][1][b]).

*Dykema Gossett PLLC* (by *Roger K. Timm, John A. Ferroli*, and *Dante A. Stella*), for South Macomb Disposal Authority.

*Nemier, Tolari, Landry, Mazzeo & Johnson, P.C.* (by *Michelle E. Mathieu*) and *Rivkin Radler & Kremer* (by *Gary D. Centola* and *Joanne M. Engeldrum*), for American Insurance Company and National Surety Corporation.

*Crozier & Blais* (by *Linda L. Blais*), for Citizens Insurance Company of America.

Before: ZAHRA, P.J., and HOOD and MCDONALD, JJ.

PER CURIAM. Defendants American Insurance Company and National Surety Corporation (collectively referred to as FFIC) appeal by leave granted the trial court's order granting plaintiff's motion for relief from judgment based on newly discovered evidence. Defendant Citizens Insurance Company of America cross appealed, challenging the same order.[1] We reverse.

Plaintiff operates landfills located in Macomb County.[2] In 1990, the Michigan Department of Natural Resources (MDNR) informed plaintiff that tests revealed that plaintiff's landfill sites 7 and 11 had leaked leachate into the surrounding groundwater. Defendants FFIC and Citizens, plaintiff's insurers, denied coverage for any claims, asserting that the claims fell within the pollution exclusion clauses contained in the relevant insurance policies. These exclusions excluded coverage for pollution-based claims unless the discharge or release was "sudden and accidental." Plaintiff brought this declaratory action, seeking an order requiring defendants, its insurers, to defend it in any enforcement actions and to pay the costs of remediation of contamination.

In a prior appeal, *South Macomb Disposal Authority v American Ins Co (On Remand)*, 225 Mich App 635; 572 NW2d 686 (1997), defendants moved for summary disposition on the coverage issue, arguing that the discharges from sites 7 and 11 were not sudden and accidental and that coverage therefore was

---

[1] Defendant Citizens Insurance Company indicated before oral argument that it was withdrawing its cross appeal and that a stipulation to dismiss would be filed. That has not occurred.

[2] The facts of this case are set forth in *South Macomb Disposal Authority v American Ins Co (On Remand)*, 225 Mich App 635; 572 NW2d 686 (1997).

precluded by the pollution exclusion clauses contained in their policies. Plaintiff, asserting that in the 1950s and 1960s a nearby parcel of property was operated as a landfill (the Walker site), argued that the source of contamination detected in the groundwater was the Walker site. Relying on *Polkow v Citizens Ins Co of America*, 438 Mich 174; 476 NW2d 382 (1991),plaintiff argued that, because there was an off-site source of the contamination, the question whether the discharges were sudden and accidental could not be addressed. Addressing this issue, this Court stated:

> Regarding the adjacent Walker Land Reclamation site, plaintiff asserts that it has produced evidence of direct dumping of chemicals and wastes. The record does not support plaintiff's claim. The alleged evidence either involves self-serving statements and unsubstantiated allegations or fails to implicate the Walker site as a contributor to the contamination problem. Plaintiff properly presented evidence only that the groundwater flows from the Walker site to sites 7 and 11; however, no evidence suggests any leakage from the Walker site. Plaintiff has failed to "set forth specific facts showing that there is a genuine issue for trial" as MCR 2.116(G)(4) requires. [*SMDA, supra* at 676.]

This Court also found that plaintiff failed to present facts to demonstrate that the leakage from sites 7 and 11 was "sudden." *Id.* at 687. It therefore concluded that the trial court erred in denying defendants' motions for summary disposition with regard to their argument that the claims regarding sites 7 and 11 were precluded by the pollution exclusions because the discharges were not sudden and accidental. *Id.*

The prior appeal addressed many issues involving sites 7 and 11 and two other landfill sites, 9 and 9A,

owned and operated by plaintiff. This Court remanded the cases for further proceedings. After this Court denied rehearing and our Supreme Court denied plaintiff's applications for leave to appeal, *South Macomb Disposal Authority v American. Ins Co*, 457 Mich 873 (1998), plaintiff directed its expert, Dr. Michael Sklash, to

> undertake a limited investigation of the Sites, the goal of which was to collect new, hard, scientific evidence concerning whether the contamination in the groundwater in the vicinity of the Sites that has been of concern to the Michigan Department of Environmental Quality (MDEQ)[3] came from the Sites or from one or more other possible sources of contamination that are known to exist in the vicinity.

Sklash had directed a partial hydrogeological investigation of sites 7 and 11 in 1995, but plaintiff stopped that investigation because of a lack of funding from its insurers.

Sklash, using the data gathered from the 1998 hydrogeological investigation, set forth his opinions regarding the origin of the contamination in the two monitoring wells tested by the MDNR. He concluded that the contamination found in the monitoring well designated MW-K was not coming from sites 7 and 11, "but instead, most likely is coming from the old Walker site."[4] Sklash interpreted the data as showing that groundwater did not flow from sites 7 and 11 to MW-K, but flowed from the Walker site to MW-K. He

---

[3] Formerly the MDNR.

[4] This appeal involves only plaintiff's evidence regarding MW-K. The circuit court found in defendants' favor with regard to plaintiff's claims regarding MW-D, and plaintiff has not sought leave to appeal that decision.

also stated his opinion that the chemical content of the samples from MW-K was so different from that of leachate sampled from one monitoring well that it established that the sample from MW-K did not come from site 11. Sklash set forth his expert opinion regarding the pathway by which chemicals from the Walker site could have migrated to the groundwater in the area of MW-K. Finally, Sklash stated that the fact that the elevation of groundwater in MW-K and the elevation of leachate at a nearby leachate collection tank are so significantly different is strong evidence that the landfill is not leaking.

Armed with this evidence, plaintiff moved in the trial court for relief from judgment pursuant to MCR 2.612(C)(1)(b). Plaintiff argued that the evidence referred to in Sklash's affidavit—and relied on by Sklash in forming his opinions—constituted "[n]ewly discovered evidence which by due diligence could not have been discovered" in time for consideration by the trial court when it addressed the earlier motions for summary disposition. Defendants objected to plaintiff's motion, arguing that the circuit court was without jurisdiction to consider the motion. Defendants also argued that the evidence was not newly discovered and failed to establish a genuine issue of material fact.

The circuit court determined that it had jurisdiction to consider plaintiff's motion because plaintiff provided new evidence showing that it is entitled to relief from judgment. It found that the evidence showed that the Walker site is leaking and is a contributor to the contamination at sites 7 and 11. Therefore, the circuit court concluded, plaintiff "is partially entitled to its requested relief from the earlier judg-

ment of the appellate court." The court granted plaintiff's motion for relief from judgment with respect to its claim regarding the Walker site.

Defendants now appeal the circuit court's decision granting plaintiff relief from judgment. Defendants argue that the circuit court erred in considering plaintiff's motion and improperly reversed this Court's decision. We disagree.

As explained in 3 Dean & Longhofer, Michigan Court Rules Practice, p 488:

> There should be no doubt about the power of the trial court to entertain a motion under MCR 2.612(C) after the appellate court has finished with the case and remanded it. The trial judge cannot disregard the mandate of the appellate court as to matters expressly considered and decided by it, but it should be free to consider whether certain circumstances not previously shown to either court would justify relief from the judgment under a motion brought under MCR 2.612(C). The trial court is not free to do so, however, as to grounds that could have been raised on appeal but were not.

When an appellate court remands a matter to a trial court, the trial court is authorized to take any action that is consistent with the appellate court's decision. *Hadfield v Oakland Co Drain Comm'r*, 218 Mich App 351, 355; 554 NW2d 43 (1996). The trial court is precluded by the doctrine of res judicata from considering issues not considered by the appellate court during a prior appeal if those issues could have been raised in that appeal. *Id.* "A trial court cannot do on remand what higher courts could not do on appeal." *Id.*

Contrary to defendants' arguments, the circuit court did not improperly consider plaintiff's motion

for relief from judgment pursuant to MCR 2.612(C)(1)(b). Plaintiff moved for relief from judgment on the basis of newly discovered evidence; this was consistent with this Court's prior decision. The circuit court decided defendant's original motion for summary disposition on the facts then before it, and this Court reviewed that decision on the same record. The circuit court, on remand, did not disregard this Court's decision, but considered whether the new evidence submitted by plaintiff justified relief from the judgment. The circuit court's consideration of plaintiff's motion was permissible.

Defendants argue in the alternative that the circuit court's consideration of the issue was precluded by the doctrine of law of the case.

> The law of the case doctrine dispenses with the need for this Court to again consider legal questions determined by our prior decision and necessary to it. As generally stated, the doctrine is that if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. [*CAF Investment Co v Saginaw Twp*, 410 Mich 428, 454; 302 NW2d 164 (1981).]

Additionally, under the doctrine, if an appellate court decides a legal question, the lower court is also bound by that legal decision on remand. *Grievance Administrator v Lopatin*, 462 Mich 235, 261; 612 NW2d 120 (2000). The rationale behind the doctrine is the need for finality of judgments and the lack of jurisdiction of an appellate court to modify its judgments except on rehearing. *Webb v Smith (After Sec-*

*ond Remand)*, 224 Mich App 203, 209-210; 568 NW2d 378 (1997).

The law of the case does not apply here because the facts did not remain materially the same. Plaintiff set forth new facts to demonstrate that there exists a material question of fact whether off-site sources contributed to or were responsible for the contamination detected at sites 7 and 11. The circuit court did not err in failing to apply the law of the case doctrine.

Next, defendants argue that the trial court abused its discretion in granting plaintiff's motion for relief from judgment. We agree.

MCR 2.612(C)(1)(b) allows the court to grant a party relief from judgment if there exists newly discovered evidence that by due diligence could not have been discovered in time to move for a new trial. There are four requirements that must be met for newly discovered evidence to support a motion for postjudgment relief: (1) the evidence, not simply its materiality, must be newly discovered, (2) the evidence must not be merely cumulative, (3) the newly discovered evidence must be such that it is likely to change the result, and (4) the party moving for relief from judgment must be found to have not been able to produce the evidence with reasonable diligence. *Hauser v Roma's of Michigan, Inc*, 156 Mich App 102, 106; 401 NW2d 630 (1986). A court's decision to grant relief from judgment is reviewed for an abuse of discretion. *Detroit Free Press, Inc v Dep't of State Police*, 233 Mich App 554, 556; 593 NW2d 200 (1999).

We conclude that plaintiff failed to demonstrate that, with the exercise of reasonable diligence, it would not have been able to produce the newly discovered evidence at an earlier time. The MDNR identi-

fied the contamination and targeted plaintiff as the cause in 1990. Plaintiff began an investigation in 1994 or 1995, but abandoned it, apparently for financial reasons. It then waited until after exhausting its appeals of the circuit court's decision on defendants' motions for summary disposition before directing Sklash to conduct the limited investigation. There is no reason offered to show that the evidence could not have been obtained with reasonable diligence. The circuit court states that financial constraints and the necessity for the passage of time prevented plaintiff from producing the evidence at the time defendants moved for summary disposition. There is nothing to indicate that plaintiff could not have found the means to conduct the investigation at the critical time. Moreover, Sklash's affidavit fails to state that the passage of time was necessary before the required data could be collected. In fact, Sklash's affidavit indicates that any contaminants from the Walker site would have migrated to the vicinity of MW-K before landfilling began in 1979 and would have continued to migrate to that vicinity through the present time. There is nothing to indicate that, despite the fact that the contaminants would have been migrating to MW-K since before 1979, the investigation would not have revealed their presence or the other data relied on until 1998.

Plaintiff failed to establish the fourth requirement for obtaining relief from judgment pursuant to MCR 2.612(C)(1)(b). Thus, the circuit court abused its discretion in granting plaintiff's motion for relief from judgment.

Reversed.