# STATE OF MICHIGAN

# COURT OF APPEALS

JANE M. CLARK,

        Plaintiff/Counter Defendant-
        Appellee,

v

MARK J. KRAWCZYK,

        Defendant/Counter Plaintiff-
        Appellant.

UNPUBLISHED
June 8, 2017

No. 332172
Livingston Circuit Court
Family Division
LC No. 12-005401-DO

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Defendant Mark Krawczyk appeals by right from a trial court order granting plaintiff Jane Clark's motion for relief from judgment under MCR 2.612. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Clark and Krawczyk married in 2003. Clark filed for divorce in 2012, the case proceeded to trial, and the trial court entered a judgment of divorce on May 23, 2013. Significantly, the trial court determined that the home Clark lived in on Whitmore Lake was Clark's separate property. Additionally, the trial court determined that the business, Monarch Quilts, LLC, was a marital asset with $352,429.54 in outstanding liabilities. The trial court gave Clark one year to make the business profitable, but ordered the parties to liquidate the business and equally share any remaining debt if she failed.

Krawczyk filed a claim of appeal in June 2013. See *Clark v Krawczyk*, unpublished opinion per curiam of the Court of Appeals, issued September 11, 2014 (Docket No. 316633). Clark lost the home in foreclosure in September 2013. In September 2014, this Court affirmed the judgment of divorce in part, reversed in part, and remanded, *Id.*, explaining:

> [W]e reverse the trial court's determination that the Whitmore Lake property was [Clark's] separate property and vacate the portion of the trial court's judgment deferring the valuation and disposition of Monarch Quilts for a year's time. On remand, the trial court is to perform an evaluation of Monarch Quilts as of the date of the divorce and, while considering its prior disposition of the other marital

-1-

property, dispose of the Whitmore Lake home and Monarch Quilts as it equitably sees fit. . . . . [O]ur ruling does not preclude the trial court from reevaluating these and other aspects that are necessary for it to determine Monarch Quilts's value. [*Id*. at 7.]

On remand, the trial court entered an amended judgment of divorce. The trial court determined that the home had $105,000 in equity at the time of trial and awarded Clark the home "as her sole and separate property." The trial court valued the business at -$224,713, ordered Clark to liquidate the business, ordered Clark to use the proceeds from liquidation to pay for the costs of litigation, the business debts, and the business taxes, and ordered that Clark was responsible for any remaining business debts.

Clark moved for relief from judgment pursuant to MCR 2.612(C)(1)(a), (b), (e), and (f). She argued that the amended judgment was unjust because it shifted all of the business debt to her without awarding her an existing asset, in light of the home's foreclosure.

The trial court granted Clark relief under MCR 2.612(C)(1)(a), (b), and (e). Additionally, the trial court found that the business had a -$254,704 value, correcting a prior clerical error pursuant to MCR 2.612(A)(1).

## II. RELIEF PURSUANT TO MCR 2.612

Krawczyk argues that the trial court abused its discretion when it granted Clark's motion for relief from judgment because Clark did not present any appropriate ground for relief under MCR 2.612. Because we conclude that MCR 2.612(C)(1)(b) and (e) provide grounds for relief, we disagree.[1]

We review a trial court's decision to grant relief from a prior judgment for an abuse of discretion. *Heugel v Heugel*, 237 Mich App 471, 478; 603 NW2d 121 (1999). A trial court abuses its discretion when it selects an outcome that lies outside the range of reasonable and principled outcomes. *Mich AFSCME Council 25 v Woodhaven-Brownstown Sch Dist*, 293 Mich App 143, 146; 809 NW2d 444 (2011).

## A. MCR 2.612(C)(1)(B)

MCR 2.612(C)(1)(b) states that a trial court may relieve a party from a final judgment "[o]n motion and on just term" due to "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for *a new trial* under MCR 2.611(B)." (Emphasis added.) Accordingly, to receive relief, a party must show that the evidence (1) is newly discovered, (2) is not cumulative, (3) is likely to change the result, and (4) could not have

---

[1] We note that the trial court abused its discretion in granting Clark relief pursuant to MCR 2.612(C)(1)(a) because the subsection is designed to remedy "substantial injustice[s]," not a trial court's change of heart in hindsight. See *State Farm Mut Auto Ins Co v Galen*, 199 Mich App 274, 277-278; 500 NW2d 769 (1993).

been produced by the moving party using reasonable diligence. *South Macomb Disposal Auth v American Ins Co*, 243 Mich App 647, 655; 625 NW2d 49 (2000).

We conclude that the foreclosure can be considered "newly discovered" evidence. The parties' closing arguments at trial did not discuss foreclosure. The house was in arrears when the trial court entered the original judgment of divorce. The original judgment of divorce does not envision the prospect of foreclosure. On appeal, this Court instructed the trial court to "equitably distribute any associated value/debts of the home *at the time of the divorce between the parties.*" *Clark*, unpub op at 6 (emphasis added). Therefore, the trial court should not have considered evidence of foreclosure when entering its amended judgment of divorce. Thus, Clark correctly referenced and asked the trial court to consider evidence of foreclosure in her motion for relief from judgment. Hence, the trial court did not abuse its discretion in relying on MCR 2.612(C)(1)(b) to grant Clark's motion.

## B.  MCR 2.612(C)(1)(E)

MCR 2.612(C)(1)(e) states that a trial court may, significantly, relieve a party from a final judgment "[o]n motion and on just term" if "it is no longer equitable that the judgment should have prospective application." "The goal in distributing material assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Berger v Berger*, 277 Mich App 700, 716-717; 747 NW2d 336 (2008).

Again, this Court's prior opinion remanded the case to the trial court and directed the trial court to "equitably distribute any associated value/debts of the home at the time of the divorce." *Clark*, unpub op at 6. This directive left no room for the trial court to consider the foreclosure. Yet, the foreclosure undermined the goal of reaching an equitable division of assets in light of all the circumstances. See *Berger*, 277 Mich App at 716-717. In such a circumstance, MCR 2.612(C)(1)(e) provides an effective means to address the inequities of the property division post-foreclosure. Therefore, the trial court did not abuse its discretion in relying on MCR 2.612(C)(1)(e) to grant Clark's motion for relief from judgment.

We reject Krawczyk's argument that MCR 2.612(C)(1)(e) only applies to relief from injunctive or declaratory relief in light of *Marshall v Marshall*, 135 Mich App 702; 355 NW2d 661 (1984). The plain language of MCR 2.612(C)(1)(e) contains no such limitation. *Marshall* is nonbinding. See MCR 7.215(J)(1). We are not persuaded that *Marshall* should control because the *Marshall* Court gave no explanation for its conclusion that MCR 2.612(C)(1)(e) only applies to injunctive or declaratory relief. See 135 Mich App at 712.

## III.  VALUING MONARCH QUILTS

Krawczyk also argues that the trial court violated the law-of-the-case doctrine when it ordered a certified public accountant (CPA) to value Monarch Quilts on remand. We disagree.

We review de novo whether the law-of-the-case doctrine applies. *Kasben v Hoffman*, 278 Mich App 466, 470; 751 NW2d 520 (2008).

"[U]nder the law-of-the-case doctrine, a circuit court may not take action on remand that is inconsistent with the judgment or order of an appellate court." *Flint City Council v Michigan*, 253 Mich App 378, 389; 655 NW2d 604 (2002).

In resolving Krawczyk's initial appeal, this Court directed the trial court "to perform an evaluation of Monarch Quilts as of the date of the divorce," directed the trial court to "dispose of . . . Monarch Quilts as it equitably sees fit" "while considering its prior disposition of the other marital property," "concluded that the trial court did not clearly err in finding that Monarch Quilts's debts included the $35,000 from Viking Sewing and $285,000 as a loan from" Clark, and clarified that its "ruling does not preclude the trial court from reevaluating these and other aspects that are necessary for it to determine Monarch Quilts's value." *Clark*, unpub op at 7. In granting Clark's motion for relief from the amended judgment, the trial court determined that the parties should "equally be responsible for the debts and taxes owed by the business of Monarch Quilts, including Viking, at the time of the end of the trial" and ordered Clark's attorney "to prepare an Order re: the CPA having authority to find the exact figures to the assets and debts, including taxes owed, at the end of the trial so the parties will have the exact numbers to be divided." The trial court's order is not inconsistent with this Court's prior judgment. Therefore, the trial court did not violate the law-of-the-case doctrine.

We affirm.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell